William Grant BIRDO, Appellant,

v.

The STATE of Texas, Appellee.

No. 44533.

Court of Criminal Appeals of Texas.

Jan. 26, 1972.

Rehearing Denied March 15, 1972.

Goldsmith & McClure, by Toby Goldsmith, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., T. J. Haire, Jr. and John Garrett Hill, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from an order revoking probation. The contention is that the trial court abused its discretion in revoking the probation by "admitting into evidence State's Exhibit No. 2 in violation of the best evidence rule."

The record reflects that on September 8, 1970, appellant entered a plea of guilty to the offense of felony theft and his punishment was assessed by the court at three years. Imposition of the sentence was suspended and appellant was placed on probation. One of the terms and conditions of probation was that he commit no offense against the laws of this state.

On November 2, 1970, a motion to revoke probation was filed alleging that appellant violated the aforementioned term, in that he did on or about October 1, 1970, break and enter a motor vehicle with the intent to commit theft.

A hearing was held on the motion on December 18, 1970, and upon completion of said hearing, the court found that appellant violated the condition as alleged in the motion and pronounced sentence.

Allen D. Creamier testified that on October 1st, 1970, a tape deck was stolen from his automobile. He stated that he purchased the tape deck at Kragens Auto Supply and that he was given a receipt upon making the purchase. The state offered the receipt as State's Exhibit No. 2 into evidence and appellant objected stating that to admit the exhibit would violate the best evidence rule in that it was a "purported copy." The court overruled the objection and admitted the exhibit "only for the purpose of showing what the serial number was." On cross-examination the witness was asked: "Now, would you read from that what the serial number was?" Answer: "76402." A tape deck with that serial number, which was recovered from appellant, was returned to the witness by the Fort Worth Police Department.

In his brief the appellant states: "It is undisputed that State's Exhibit No. 2 was not an original of anything but an alleged carbon copy of a receipt given to Allen D. Creamier by Kragens Auto Supply, Inc." This is appellant's sole contention on appeal. We overrule the contention and hold that the carbon copy is the original. In 2

McCormick and Ray, Texas Evidence, Sec. 1564 (2d Ed.1956) it is written:

> "The writing which is required to be produced is a writing whose contents are sought to be introduced in evidence as being legally material. It may happen that this significant writing is itself a copy or reproduction of some other document, but that circumstance makes no difference. Thus if A wrote a letter, and sent instead of the first impression, *the carbon copy*, the latter would of course be the 'original' in this sense if the terms of the communicated message became material." (Emphasis supplied)

No abuse of discretion by the trial court has been shown.

The judgment is affirmed.