Samuel **RODRIGUEZ**, Appellant,

v.

**The STATE of Texas, Appellee.**

**Nos. 44743, 44744.**

Court of Criminal Appeals of Texas.

Dec. 13, 1972.

Rehearing Denied Jan. 31, 1973.

Lonnie W. Duke, San Antonio, for appellant.

Ted Butler, Dist. Atty., John Quinlan, III, Dick Ryman and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

## ON APPELLANT'S MOTION TO REINSTATE APPEAL

DALLY, Commissioner.

After the appeals of these cases were abated,[1] the trial court found the appellant to be indigent and appointed counsel to represent him on appeal.

The appellant was convicted for the offenses of murder and the sale of heroin on his pleas of guilty before the court. Concurrent sentences of fourteen years imprisonment were assessed.

In his first two grounds of error, the appellant's contention is that he was "pressured by his legal counsel to enter pleas of guilty in these cases" and that he was "denied effective legal counsel in the trial of these cases."

The argument made to support these claims is that the appellant's retained counsel told him that the deceased had been shot in the back, that no jury would believe appellant committed the act without malice, and that in counsel's opinion a jury would assess punishment of between thirty-five years to life imprisonment. The appellant contends that he learned, after the pleas of guilty had been entered and accepted, that the autopsy showed that the bullet entered the body of the victim from the "posterior line of the left side" rather than from the

---

1. Rodriguez v. State, 472 S.W.2d 517 (Tex.Cr.App.1971).

back, and had he known this and been so advised, he would not have pled guilty.

The appellant's own testimony was that after he had been beaten by several parties in the street, he went home and got his gun and came back. He shot at the victim at close range and then again while the victim was running away from him. There is no evidence that the victim was one of the persons who had beaten the appellant.

■ The record does not reflect misconduct by employed counsel which amounts to a breach of the legal duty of an attorney. Trotter v. State, 471 S.W.2d 822 (Tex.Cr.App.1971) and Mills v. State, 483 S.W.2d 264 (Tex.Cr.App.1972). Nothing appears in the record to show bad faith, insincerity or disloyalty toward appellant by his retained counsel. See Trotter v. State, supra and Mills v. State, supra. See also Popeko v. United States, 294 F.2d 168 (5th Cir. 1961); Williams v. Beto, 354 F.2d 698 (5th Cir. 1965); MacKenna v. Ellis, 280 F.2d 592 (5th Cir. 1960); and Shepherd v. Hunter, 163 F.2d 872 (10th Cir. 1947).

■ The appellant has not shown that he was "pressured into pleading guilty" or "denied effective legal counsel in the trial of these cases."

It appears that the appellant, while represented by counsel of his choice, entered into a plea bargain in which the district attorney recommended, as he agreed he would, fourteen-year concurrent sentences for the offenses of murder with malice and the sale of heroin. The recommendation, as made, was accepted and acted upon by the trial court. The bargain was kept. See

Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

The appellant's third ground of error is that the trial judge, the Honorable Preston H. Dial, Jr., was disqualified from hearing the murder case under the provisions of Article V, Section 11 of the Texas Constitution[2] and Article 30.01, V.A.C.C. P.,[3] in that he had once been counsel for the State in this case.

Judge Dial was the First Assistant Criminal District Attorney in Bexar County at the time the appellant was alleged to have committed the offense and at the time a complaint was filed. At the time the indictment was returned he was not a member of the District Attorney's staff. Judge Dial testified he had read the District Attorney's file and there was no record he had actually participated in the case.

■ It is not shown that the trial judge, even though he was the First Assistant to the Criminal District Attorney and in charge of capital prosecutions, actually investigated, advised or participated in this case in any way; it is therefore not shown that he "acted as counsel in the case" as contemplated by the constitutional and statutory provisions relied upon. See Utzman v. State, 32 Tex.Cr.R. 426, 24 S.W. 412 (1893); Muro v. State, 387 S.W.2d 674 (Tex.Cr.App.1965) and cf. Ex parte McDonald, 469 S.W.2d 173 (Tex.Cr.App.1971) and Hathorne v. State, 459 S.W.2d 826 (Tex.Cr.App.1970).

■ The appellant's fourth ground of error complains that he was arrested, served with the indictment, tried and convicted for the sale of heroin on the same

---

2. Article V, Section 11 of the Texas Constitution Vernon's Ann.St. provides in part:
"No judge shall sit in any case . . . when he shall have been counsel in the case. . . . "

3. Article 30.01, V.A.C.C.P., provides:
"No judge or justice of the peace shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree."

day in violation of Articles 27.11[4] and 27.12,[5] V.A.C.C.P.

The appellant personally acknowledged to the trial judge that he had received a copy of the indictment charging the sale of heroin, that he had read it with his attorney and understood the charges and waived its reading in open court. Immediately thereafter, his counsel said he did not need additional time and said, "We waive any additional time under the law, Your Honor." The appellant made no objection and thereafter entered his plea of guilty, showing a conscious consent to the waiver of the statutory right afforded by Articles 27.11 and 27.12, V.A.C.C.P.

The appellant relies upon Tillman v. State, 127 Tex.Cr.R. 246, 75 S.W.2d 683 (1934) and James v. State, 21 S.W.2d 667 (Tex.Cr.App.1929). Both cases are distinguishable.

In Tillman v. State, supra, the appellant filed a motion praying for postponement of the trial in order to prepare his defense and to issue process for witnesses, but was tried within one hour after being arrested.

In James v. State, supra, where the appellant was in custody, it was said even though it is shown that the appellant is present in the courtroom when a waiver is made by his counsel, the record must go further and show some conscious assent on the part of the appellant in person. The opinion shows that the defendant "sought" and there was a "refusal" of the statutory period of time after service of indictment before trial. Although the opinion does not so state, it appears the defendant did not plead guilty.

The appellant's last ground of error is that "The conviction of the appellant . . for the offense of murder with malice was contrary to the evidence which supported only a charge of murder without malice."

 The appellant entered a plea of guilty to the offense of murder with malice and entered into a written waiver and consent to stipulation of testimony that "all the acts and allegations in said indictment charging the offense of murder with malice are true and correct." Other evidence introduced by stipulation under the provisions of Article 1.15, V.A.C.C.P., show that the deceased, who had not had any prior difficulties with the appellant, was shot at close range with a long-barreled pistol. Appellant's last ground of error is overruled.

The judgments are affirmed.

Opinion Approved by the Court.

---

4. Article 27.11, V.A.C.C.P., provides:
   "In all cases the defendant shall be allowed ten entire days, exclusive of all fractions of a day after his arrest, and during the term of the court, to file written pleadings."

5. Article 27.12, V.A.C.C.P., provides:
   "In cases where the defendant is entitled to be served with a copy of the indictment, he shall be allowed the ten days time mentioned in the preceding Article to file written pleadings after such service."