**Jerry Grant MORGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46995.

Court of Criminal Appeals of Texas.

Jan. 16, 1974.

James L. Wilks, Sweetwater, for appellant.

Frank Ginzel, Dist. Atty., Colorado City, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for burglary where punishment, enhanced under the mandatory provisions of Article 63, Vernon's Ann.P.C., was assessed at life by the jury.

At the outset, appellant contends that the evidence is insufficient to support the verdict.

The record reflects the Gibson's store in Sweetwater was broken into during the early morning hours of November 27, 1971. Entry was gained by breaking a section of glass in front of the store. Glass was broken on a display case in the store and six pistols were removed therefrom.

Charles Turner, manager of the store, testified he closed and locked the store on the night of November 26, and that he did not give appellant or anyone else permission to break and enter the premises in question.

A burglary alarm sounded in the police station in Sweetwater on the morning of November 27, indicating a burglary at the Gibson's store.[1] Officers in two squad cars in the area of the suspected burglary were notified by radio and within a matter of four or five minutes had converged upon the store. Officer Robinson directed the lights of his patrol vehicle upon the front of the store upon arrival and then drove to the back of the store where he saw "a man running south down the alleyway." Robinson followed the man, who was running in a "hunched over" position, down the alleyway and kept him continuously in sight until he ran through a gate into the courtyard behind the Holiday Restaurant. Robinson notified Officer Crow in the other patrol car that he was pursuing a man down the alley. Crow entered the Holiday Restaurant through the front entrance, removed a bar from inside the back door of the restaurant and proceeded to the courtyard. Robinson entered the courtyard first and found appellant huddled behind a fifty-five gallon drum. Appellant was described as "breathing heavy." Robinson testified that he was absolutely certain that appellant was the man he pursued down the alley and into the courtyard. Pistols identified as having been taken from the display case in the store were found in the alleyway along the path taken by the person fleeing from the store. Appellant was not wearing socks at the time he was arrested. One sock was found in a barrel behind which appellant was huddled and another sock was directly behind the wall, next to the place he was hiding, along with one of the pistols identified as having been taken from the store. No other persons were observed in the vicinity of the store. A key in appellant's pocket was found to fit a car parked near the place of appellant's apprehension.

The court charged the jury on the law of circumstantial evidence.

"When the sufficiency of the evidence is challenged, this court is required to view the evidence in the light most favorable to the verdict." Resendez v. State, Tex.Cr. App., 495 S.W.2d 934. See Pogue v. State, Tex.Cr.App., 474 S.W.2d 492; Jones v. State, Tex.Cr.App., 442 S.W.2d 698.

---

1. The record reflects that the alarm in the store was activated by breaking a beam upon entry of the store. The system is such that an alarm is sounded only at the police station and an intruder in the store is unaware that the system has been activated.

Numerous incriminating circumstances connect appellant with the burglary. Within four or five minutes from the time the burglary alarm signified entry into the store, officers were on the scene and appellant was identified as the person fleeing from the scene. No other person was observed in the area. While presence at the scene of the offense, standing alone, is insufficient, it is a circumstance tending to connect a person with a crime and taken with other facts may be sufficient to show that he was a participant. Torres v. State, Tex.Cr.App., 491 S.W.2d 126. Flight is a circumstance tending to show guilt. Clary v. State, Tex.Cr.App., 491 S.W.2d 900. Pistols taken in the burglary having been found along the path of appellant's flight are another incriminating circumstance. A pistol taken in the burglary was found near the point where appellant was arrested. See Williams v. State, Tex.Cr.App., 493 S.W.2d 863. This, coupled with the fact that appellant was not wearing socks and a sock was found with the pistol near the place of arrest, is an additional incriminating circumstance.

We find that the evidence taken as a whole is sufficient to sustain the jury's verdict.

Appellant contends that the court erred in admitting a copy of a list of guns taken from the store.

The serial numbers of the gun found along appellant's path of flight, as well as the gun found near where he was hiding, were identified by comparing serial numbers with a list of stolen guns compiled by the Gibson store.

The business records exception to the hearsay rule is applicable in criminal cases. Coulter v. State, Tex.Cr.App., 494 S.W.2d 876.

Turner testified that a list of the guns missing and their serial numbers was made on the morning following the burglary. Such record was compiled with the use of the Federal Firearms Record Book, kept by the store which listed the guns received into stock and their disposition. Turner was present when the list of missing guns was compiled and the record was made under his supervision.

State's Exhibit No. 1 was identified by Turner as a carbon copy of the list made. Turner testified that such carbon copy had been kept in the safe at Gibson's store as a record of the guns taken and to the best of his belief the original had been given to the police. Turner further testified that such list was a business record of the company, was kept in the regular course of business and correctly reflected the part of the business records of Gibson's as it was written on that occasion. On cross-examination, Turner testified that the store had guns missing before and that a list of same was made under his direction.

Appellant argues that State's Exhibit No. 1 was not admissible since it was a carbon copy of the list compiled the morning following the burglary.

In Birdo v. State, Tex.Cr.App., 476 S.W.2d 697, complaint was urged to admission of a carbon copy of a receipt given upon purchase of a tape deck. This court quoted from 2 McCormick and Ray, Texas Evidence, Section 1564, where it was stated:

"The writing which is required to be produced is a writing whose contents are sought to be introduced in evidence as being legally material. It may happen that this significant writing is itself a copy or reproduction of some other document, but that circumstance makes no difference. Thus if A wrote a letter, and sent instead of the first impression, *the carbon copy,* the latter would of course be the 'original' in this sense if the terms of the communicated message became material. (Emphasis supplied.)"

In the instant case the carbon copy of the list of guns missing was the "original"

in the sense that it was the record kept by the business.

We find no merit in appellant's argument that the only way the list of missing guns could be admissible as a business record would be upon a showing that it was in the regular course of business for the store to be burglarized and after every burglary a record of the missing merchandise was kept with the records of the missing items of previous burglaries.

The testimony of Turner reflects that State's Exhibit No. 1 was made in the regular course of business by a representative of the store who had knowledge of the event and was made near the time of the event. The statute permitting the admissions of business records should be liberally construed. Coulter v. State, Tex.Cr. App., 494 S.W.2d 876.

We find that State's Exhibit No. 1 was admissible as a business record under the provisions of Article 3737e, Vernon's Ann. Civ.St. See Roddy v. State, Tex.Cr.App., 494 S.W.2d 174; Williams v. State, Tex. Cr.App., 492 S.W.2d 496.

■ Lastly, appellant contends that the trial judge should have disqualified when it was brought out that he had been the prosecuting attorney in the previous convictions relied on for enhancement. In Hathorne v. State, Tex.Cr.App., 459 S.W.2d 826, this court said: "We hold that the mere inclusion in the indictment or information of allegations as to prior convictions (for the enhancement of punishment only) does not disqualify the trial judge because he was of counsel in such prior convictions . . ." In Ex parte Pendleton, Tex.Cr.App., 477 S.W.2d 591, where the identical question was raised in

a post-conviction habeas corpus, this court cited Hathorne v. State, supra, with approval. We cannot agree that Rodriguez v. State, Tex.Cr.App., 489 S.W.2d 121 [2] and Carter v. State, Tex.Cr.App., 496 S. W.2d 603 [3] alter this court's holding in Hathorne v. State, supra.

No error is shown.

The judgment is affirmed.

Opinion approved by the Court.

2. Rodriguez v. State, supra, concerned a situation where the trial judge was First Assistant District Attorney at the time the complaint was filed. This court held that the judge was not disqualified since he had not participated in the case in any way.

3. In Carter v. State, supra, the trial judge at the revocation hearing from which appeal was taken had been District Attorney at the time a plea of guilty had been entered to the primary offense. This court held the revocation hearing was not rendered void since the record reflected that an Assistant District Attorney represented the State in the primary offense.