Billy Ray JACKSON, Appellant,

v.

The STATE of Texas, State.

No. 2–81–281–CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 15, 1982.

**522**

Law Offices of Lane & Lane and Bill Lane, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Joe C. Lockhart, Asst. Dist. Atty., Fort Worth, for state.

Before SPURLOCK, HUGHES and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Appeal is taken from conviction of burglary of a building and repetition. The punishment assessed by the jury is ninety-nine years imprisonment.

We affirm.

Appellant complains that the evidence is insufficient to sustain the conviction because the State failed to produce sufficient evidence that appellant acted with intent to promote or assist the commission of the offense by soliciting, encouraging, directing, aiding, or attempting to aid another person commit the offense.

Where the sufficiency of the evidence is challenged on appeal, the reviewing court should view the evidence in the light most favorable to the verdict. *Darrington v. State,* 623 S.W.2d 414 (Tex.Cr.App.1981); *Rohlfing v. State,* 612 S.W.2d 598 (Tex.Cr. App.1981).

On November 21, 1980, Officer Lawrence W. Terry received a radio dispatch informing him that an alarm had sounded at the Ewell Cross Gun Shop. Terry responded to the call, observed a car leaving the premises, and pursued the car.

During the pursuit the officer observed a pistol and a rifle being thrown from the car. After continuing the chase at a high rate of speed, the automobile slowed down and the right rear door opened and a male jumped out of the car. The male ran on foot, and disappeared between two houses on Lovell Street. The officer remained in pursuit when the subjects apparently lost control of the vehicle and ran it into a curb. The appellant and a female were arrested.

Searching the vehicle's interior, Officer Gibson found a screwdriver and a pair of pliers in the floorboard of the passenger side of the front seat. In the back seat, Officer Gibson discovered a black wig, and a torn page from the yellow pages. On the torn page from the yellow pages was a large advertisement for the Ewell Cross Gun Shop, along with ads for other gun shops. A search of the vehicle's trunk uncovered a pair of large industrial type bolt cutters. Officer Gibson also found a black glove wadded up and lying between the front driver and passenger seats.

The Texas Penal Code provides that a person may be charged with the commission of an offense if it is committed by him or by another's conduct for which he is criminally responsible. V.T.C.A. Penal Code, § 7.02(a), (b). "A person is criminally responsible for an offense committed by the conduct of another if: ... acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person commit the offense." V.T.C.A. Penal Code, § 7.02(a)(2).

Appellant admits his presence at the scene but argues that mere presence alone is not sufficient to establish that he was a party to its commission. *Acy v. State,* 618 S.W.2d 362 (Tex.Cr.App.1981); *Medellin v. State,* 617 S.W.2d 229 (Tex.Cr.App.1981); *Ortiz v. State,* 577 S.W.2d 246 (Tex.Cr.App. 1979); *Drager v. State,* 555 S.W.2d 743 (Tex.Cr.App.1977).

It is well established, however, that presence is a circumstance tending to prove that an individual was a principal, and taken with other facts may be sufficient to show that he was a participant. *Morgan v. State,* 503 S.W.2d 770 (Tex.Cr.App.1974); *Torres v. State,* 491 S.W.2d 126 (Tex.Cr. App.1973).

In addition to presence at the scene, there was evidence of flight, a lengthy chase that

began after Officer Terry spotted appellant and his two companions in front of the Ewell Cross Gun Shop and did not end until the vehicle ran into a curb.

 Flight is a circumstance that tends to show guilty consciousness. *Thompson v. State,* 563 S.W.2d 247 (Tex.Cr.App.1978); *Morgan, supra.*

Also, the discovery of stolen pistols along the path of flight is another incriminating circumstance. In *Morgan, supra,* pistols identified as having been taken from the burglarized store were found in the alleyway along the path taken by the person fleeing from the store.

The weapons stolen in the case at bar were found along the path taken by those fleeing the scene of the burglary. Officer Terry observed two of these weapons being thrown from the subjects' vehicle as he pursued them.

Appellant argues that he did not throw the two weapons from the vehicle, nor did he aid or attempt to aid another in disposing the guns. It is not necessary that the State establish that the accused was in immediate and actual possession of the stolen goods. Where it appears that the parties worked together, exercised joint control and possession of the stolen goods, and were in close proximity to the property, there is sufficient evidence to support the jury's verdict. *Ross v. State,* 463 S.W.2d 190 (Tex. Cr.App.1971).

The evidence includes the fact that upon searching the vehicle, Officer Gibson found a black left-handed glove in the front seat next to where appellant had been sitting. Officer Terry found the corresponding right-handed glove lying in the parking lot outside the front door of the Ewell Cross Gun Shop.

Officer Place testified that the lock on the front door itself was possibly removed by a large set of pliers. The officer found a pair of pliers in the front passenger floorboard of the vehicle where appellant had been seated, and a pair of large industrial type bolt cutters in the trunk.

Viewing the evidence as a whole, and in light most favorable to the jury's verdict, we hold that the circumstances exclude every reasonable hypothesis except that of appellant's guilt, and that the proof is sufficient to support the verdict.

Judgment affirmed.