OPINION HEADING PER CUR 







                     NO. 12-03-00118-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


SARA YEVETTE JACKSON,                           §     APPEAL FROM THE 188TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     GREGG COUNTY, TEXAS





MEMORANDUM OPINION
            Sara Y. Jackson appeals her conviction for forgery of a check, for which she was sentenced
to confinement for fifteen months. Appellant raises three issues on appeal. We affirm.

Background
            On October 18, 2002, Appellant was arrested for passing a check at the Longview Mall,
which she purported to be the act of Bonnie Fulcher. Law enforcement apprehended Appellant the
same day. Appellant was indicted by a Gregg County grand jury on January 16, 2003. She was
arraigned on February 7, 2003. 
            Alphonso Charles (“Judge Charles”) had been the first assistant district attorney for Gregg
County, Texas until he was elected Judge of the County Court at Law No. 2 for Gregg County on
November 5, 2002. Judge Charles took his oath of office to become the judge of the County Court
at Law No. 2 for Gregg County on January 1, 2003. On February 5, 2003, an “Exchange of
Benches” agreement was signed by the judges of the five trial courts for Gregg County.


 This
agreement allowed any of the five judges to sit for one another in any of the five courts, except on
capital murder cases.
            Appellant was indicted in the 188th District Court and her arraignment was handled by
District Judge David Brabham. On April 10, 2003, Appellant pleaded guilty to the forgery charge
before Judge Charles. Subsequently, Judge Charles presided over Appellant’s bench trial concerning
her punishment. Appellant was then sentenced to fifteen months in a state jail facility. Appellant
timely filed this appeal.

Concurrent Jurisdiction
            In her first issue, Appellant contends that Judge Charles, as judge of the County Court at
Law, did not have jurisdiction to hear her case, which had been brought in the 188th Judicial District
Court. The State responds that both the 188th Judicial District Court and the County Court at Law
No. 2 for Gregg County had subject matter jurisdiction over Appellant’s case. 
            Beginning January 1, 2003, the two county courts of law in Gregg County had concurrent
jurisdiction with the three district courts, except in capital murder cases. See Tex. Gov’t Code
Ann. § 25.0942(a) (Vernon Supp. 2004). A case where both courts have subject matter jurisdiction
may be transferred from one court the other. See Tex. Gov’t Code Ann. § 74.121 (Vernon Supp.
2004); see also Garcia v. State, 901 S.W.2d 731, 732 (Tex. App.–Houston [14th Dist.] 1995, writ
ref’d). Since the 188th District Court and County Court at Law No. 2 both had concurrent subject
matter jurisdiction in this case, and because there was an Exchange of Benches agreement on file in
the Gregg County district and county clerk’s offices, respectively, it was not necessary for the docket
sheet or minutes to state a reason for the exchange of benches in this case. See Mata v. State, 669
S.W.2d 119, 121 (Tex. Crim. App. 1984). Therefore, we hold that Judge Charles had authority to
hear and decide this case. Appellant’s first issue is overruled.
Disqualification of Judge
            In her second issue, Appellant contends that Judge Charles was constitutionally and
statutorily disqualified from hearing her case. She bases her argument on the fact that Judge Charles
was the first assistant district attorney for Gregg County on the date on which she was arrested. 
Article V, section 11 of the Texas Constitution provides:
 
No judge shall sit in any case wherein he may be interested, or where either of the parties may be
connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by
law or when he shall have been counsel in the case.
 
Tex. Const. Art. V, § 11.
            Article 30.01 of the Texas Code of Criminal Procedure provides as follows:
 
No judge or justice of the peace shall sit in any case where he may be the party injured, or where he
has been of counsel for the State or the accused, or where the accused or the party injured may be
connected with him by consanguinity or affinity within the third degree, as determined under Chapter
573, Government Code.
 
Tex. Code Crim. Proc. Ann. art. 30.01 (Vernon Supp. 2004).
            A judge’s disqualification arising from a constitutional or statutory provision “affects
jurisdiction” and renders the proceeding a nullity. Davis v. State, 956 S.W.2d 555, 558 (Tex. Crim.
App. 1997). An objection at trial is not a prerequisite to raising this issue on appeal. See Holifield
v. State, 538 S.W.2d 123, 125 (Tex. Crim. App. 1976). 
            The prohibitions in the Texas Constitution and Texas Code of Criminal Procedure article
30.01 against a judge hearing a case in which he has acted as counsel require that the judge actually
have participated in the very case before him. See Gamez v. State, 737 S.W.2d 315, 319 (Tex. Crim.
App. 1987). To have “acted as counsel in the case,” as contemplated by these provisions, means that
the judge, while an attorney, must have actually investigated, advised, or participated in the case in
some way. See id.
            The burden is upon the party complaining of the judge’s jurisdiction to affirmatively show that
the judge actually acted as counsel in the case before him. See Hathorne v. State, 459 S.W.2d 826,
833 (Tex. Crim. App. 1970). Absent such an affirmative showing, we will not impute an act of
participation to disqualify a judge from hearing a case. See Ex parte Miller, 696 S.W.2d 908, 909
(Tex. Crim. App. 1985). Therefore, the fact that Judge Charles was the first assistant district attorney
in Gregg County both at the time the Appellant committed the offense and when the complaint was
filed against Appellant does not suffice to disqualify him. 
            In Rodriguez v. State, 489 S.W.2d 121 (Tex. Crim. App. 1972), the trial judge had been first
assistant criminal district attorney in Bexar County both at the time the offense was alleged to have
been committed and when the complaint was filed. Id. at 123. However, by the time the indictment
was returned, he was no longer employed by the Bexar County District Attorney’s office. Id. As
such, the court held that there was no record that the judge had participated in the appellant’s case. 
Id.
            The facts in the instant case are analogous toRodriguez. Here, the record is silent as to
whether Judge Charles participated in Appellant’s case as first assistant district attorney for Gregg
County. Thus, we hold that Appellant has not made an affirmative showing that Judge Charles acted
as counsel in her case. Appellant’s second issue is overruled. 
 
Pre-Sentence Investigation Report
            In her third issue, Appellant contends that the trial court erred because it did not order a PSI
report. A trial court is required to order a PSI report in a felony case when the defendant requests one. 
Whitelaw v. State, 29 S.W.3d 129, 132-33 (Tex. Crim. App. 2000). 
            The State responds that the record indicates that the Appellant was in possession of the PSI
report at the time of her punishment hearing before Judge Charles. We agree. The record reflects that
Appellant’s counsel specifically referred to the PSI report in his questioning of Appellant during the
punishment hearing. It therefore appears that Appellant and the court had a PSI report which had
been made available to them at the time of her punishment hearing. Appellant’s third issue is
overruled.
Conclusion
            Having overruled the Appellant’s issues one, two, and three, we affirm the trial court’s
judgment.
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice
Opinion delivered July 30, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.
 
 
 
(DO NOT PUBLISH)