# JUNE 2, 1943

## HESS ADCOCK V. THE STATE.

No. 22540. Delivered June 2, 1943.

The opinion states the case.

*J. Y. Gray,* of Tyler, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the sale of whisky in a dry area. The punishment assessed is confinement in the county jail for a period of one year.

It was charged in the complaint and information that on the 30th day of January, 1943, appellant sold whisky to Wallace Law in Smith County, a dry area. It was further charged that theretofore, on the 18th day of April, 1942, appellant had been convicted in cause No. 6830 in the County Court of Smith County for the offense of possessing whisky for the purpose of sale in a dry area; that after said judgment of conviction became final he committed the offense first herein charged; that thereafter, on the 17th day of February, 1942, appellant was again convicted in cause No. 6740, in the County Court of said county for the offense of selling liquor in a dry area; that after the judgment of conviction thereon became final he committed the offense for which he was convicted on the 18th day of April, 1942. When this case was called for trial, the appellant, by a motion duly filed and presented, sought to have the judge recuse himself on the ground that he was disqualified from presiding over the trial of said case by reason of the fact that during the year 1942, he was Assistant County Attorney of Smith County and while acting in such capacity, he filed the complaint and information in cause No. 6830, and also No. 6740, styled State of Texas v. Hess Adcock, and that he prosecuted said cases. The proof introduced upon the hearing of the motion supports the allegations thereof. Consequently, the question here presented is whether or not the presiding judge was, as a matter of law, disqualified from presiding over the trial.

Section 11 of Article 5 of the Constitution of Texas, reads in part as follows:

"No judge shall sit in any case, wherein he may be interested or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case."

Article 552, C. C. P., provides as follows:

"No judge or justice of the peace shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree."

These being mandatory provisions of the Constitution and also of the statute, the same must be observed and respected. The question here presented is not free from difficulty. We know of no case, and have not been able to fine one, wherein the exact question here under consideration has been discussed by this or any other court. Therefore, we have given it our most careful consideration. The former convictions charged in the complaint and information are a part of the case which the State is required to prove affirmatively as any other fact; and the presiding judge, in the performance of his judicial duties, must necessarily rule upon the admissibility of the evidence relating thereto and properly instruct the jury as to the law applicable to the facts. Moreover, the hearing of a motion for new trial calls for the exercise of judicial discretion. Consequently the discharge of such duties all call for the exercise of judicial discretion. This, in our opinion, sustains the appellant's contention with respect to the question presented. The judge being disqualified, the entire proceedings are a nullity and the judgment is void. See Abrams v. State, 31 Tex. Cr. Rep. 449; Terry v. State, 24 S. W. 510; Graham v. State, 43 Tex. Cr. R. 110, 63 S. W. 558; Summerlin v. State, 69 Tex. Cr. R. 275, 153 S. W. 890; Koll v. State, 157 S. W. (2d) 377.

For the errors herein pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.