R. E. WOODLAND V. THE STATE.

No. 22703. Delivered January 12, 1944.
Rehearing Granted March 8, 1944.

The opinion states the case.

*McIntosh & Duncan*, of Gilmer, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The information upon which this conviction was obtained charged the unlawful possession of whisky for the purpose of sale in a dry area as the primary offense, and charged a prior conviction for an offense of the same character, in Cause No. 7114, in the County Court of Smith County. To this accusation, appellant pleaded guilty, before a jury, and his punishment was assessed at one year in jail.

Appellant, by motion for new trial, attacked the judgment of conviction, asserting that the judge before whom the case was tried was disqualified, by reason of his' having served as counsel for the State. The effect of this contention is, that the conviction in Cause No. 7114—the prior conviction alleged in the instant case—was obtained upon an information charging appellant with the sale of whisky in a dry area, and was a prior conviction for a similar offense in Cause No. 6681, on the docket of the County Court of Smith County; that, at the time of the conviction in Cause No. 6681, R. P. Power was an assistant county attorney, representing the State in that cause; and that said R. P. Power was the Judge of the County Court of Smith County, and before whom the instant case was tried. By such allegation, appellant sought to bring this case within the rule

announced in Adcock v. State, 172 S. W. (2d) 103, wherein we held that a judge was disqualified from sitting as a trial judge where the information charged a prior conviction for an offense of like nature, and in which prior conviction the judge represented the State.

Upon the trial of this case, the State introduced the information in Cause No. 7114 and the judgment of conviction predicated thereon. There is nothing in these instruments showing that, in said Cause No. 7114, a prior conviction was a part of the State's pleading, or the judgment of conviction. Hence appellant's allegation with reference to the State's using a prior conviction in Cause No. 7114 is not sustained by the proof. Upon the motion for new trial, appellant offered in evidence the complaint in Cause No. 7114, which did contain an allegation of a prior conviction in Cause No. 6681; but there is nothing to show that the information followed the allegation of the complaint in that particular. It must be remembered that, in csaes of this character, it is the information and not the complaint that constitutes the State's pleading.

Appellant having pleaded guilty and having agreed, upon the trial of this case, that Smith County was a dry area, he is bound thereby. If the records of Smith County fail to reflect such dry status, as asserted by appellant in his motion for new trial, the exercise by him of the least diligence would have disclosed such fact.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In the original opinion our attention was upon the proposition of whether the present county judge, the Hon. R. P. Power, was disqualified to try the present case. In view of appellant's motion for rehearing it appears that we overlooked one question presented.

Unless we misapprehend the record it reveals the following:—Appellant had been convicted in No. 6681 of selling

whisky in dry area. When this conviction occurred Judge Power was Assistant County Attorney. Appellant was again prosecuted in No. 7114 for selling whisky in dry area and the conviction in 6681 was utilized in the State's pleading to increase the punishment in 7114. Appellant entered a plea of guilty in 7114 and satisfied the judgment. Power in the meantime had become county judge and acted in that capacity when 7114 was prosecuted to judgment. If any question was then raised as to the disqualification of Judge Power the record does not reflect it. The State's pleading in the present case charges that appellant again sold whisky in dry area and then utilized the conviction of the primary offense in 7114 to enhance the punishment in the present case. Apparently no attack was made upon the State's pleading.

Appellant entered his plea of guilty before a jury and the State, without objection, introduced the judgment of conviction of the primary offense in 7114. The court authorized the jury to assess a punishment not permitted without enhancement because of the conviction of the primary offense in 7114.

In a motion for new trial appellant urged that Judge Power was disqualified to try No. 7114 because he represented the State in No. 6681, and that the conviction in the latter case had become a part of the State's case in 7114, and likewise, that Judge Power was disqualified in the present case. It was with this latter proposition we dealt in our original opinion. However, in his motion for new trial appellant raises the further question that the judgment of conviction in No. 7114 being *absolutely void* because of the disqualification of the judge, the conviction of the primary offense charged in that case was not available to the State upon which to predicate enhanced punishment in the present case.

The opinion in Adcock v. State, 172 S. W. (2d) 103, and authorities therein cited, settles the question as to the disqualification of Judge Power in cause No. 7114. The disqualification was by reason of the provisions of the State Constitution, Art. 5, Sec. 11, and Art. 552 C. C. P. Where a disqualification arises from a constitutional or statutory provision it can not be waived even by consent of the parties litigant. Summerline v. State, 69 Tex. Cr. R. 275, 153 S. W. 890. The entire proceedings in No. 7114 were a nullity and the judgment void and subject to collateral attack. When it was sought by the State to make the conviction of the primary offense charged in said cause No. 7114 the basis for enhancing the punishment in the present case appellant

could resist such effort by attacking the judgment in No. 7114. The fact that appellant did not raise the question in the latter case, entered his plea of guilty and satisfied the judgment, and did not raise the question in the present case until presented in the motion for new trial did not preclude him from then raising it. To hold otherwise would in effect be to hold that he could waive the constitutional and statutory disqualification of the judge, which he can not do.

When the situation was called to the attention of the trial judge he should have set aside the judgment of conviction and granted a new trial.

For the error in failing to so do appellant's motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment is now reversed and the cause remanded.