W. R. WOOD, *alias* SLIM WILLIE WILSON V. STATE.

No. 29,549. February 19, 1958.
State's Motion for Rehearing Overruled
(Without Written Opinion) April 9, 1958.

*Reid & Reid,* by *J. W. Reid,* Abilene, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for violating the local option liquor laws, with punishment assessed at a fine of $1,000 and two years' confinement in jail by reason of two prior convictions for offenses of like character, under Art. 61, P.C.

To authorize the punishment assessed it was necessary that the second prior conviction be subsequent to the first prior conviction in point of time of the commission of the offense as well as the time of the conviction.

In the instant case the information sufficiently complied with that rule, but to sustain the allegation of prior convictions the

state relied only upon the judgments of conviction and the identification of the appellant as the defendant named therein. The record does not reflect the dates of the commission of the offenses described in the judgments. Hence there is no proof that the second prior conviction was subsequent to the first prior conviction in point of time of the commission of the offense.

This exact question was before us in Simpson v. State, 155 Texas Cr. Rep. 228, 233 S.W. 2d 584, wherein we held the facts insufficient to sustain the allegation of prior convictions.

If the judge who presided upon the trial of this case actively participated in either of the prior convictions while he was assistant county attorney, such fact would render him disqualified to act as judge in this case. Woodland v. State, 147 Texas Cr. Rep. 84, 178 S.W. 2d 528; Adcock v. State, 146 Texas Cr. Rep. 84, 172 S.W. 2d 103.

The mere fact, however, that he was assistant county attorney would not disqualify him. Prince v. State, 158 Texas Cr. Rep. 65, 252 S.W. 2d 945.

Because of the insufficiency of the evidence to support the allegation of prior convictions, the judgment is reversed and the cause is remanded.