**A. M. WASHINGTON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39856.**

Court of Criminal Appeals of Texas.

Nov. 30, 1966.

Robert B. Maloney, Dallas, for appellant.

Henry Wade, Criminal Dist. Atty., Kerry P. FitzGerald, Asst. Dist. Atty., Dallas, Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

McDONALD, Judge.

The offense is felony theft; the punishment, enhanced by two prior convictions for felonies less than capital, life imprisonment.

Trial was had, sentence pronounced, and notice of appeal was given prior to January 1, 1966.

The record reflects that Mrs. M. C. Terry was the owner of Terry's Laundry and Cleaning located at 3101 Commerce Street in the City of Dallas. She owned a 1956 light green panel truck with the name of her business painted on its side and back. On December 2, 1964, this truck, valued at $400.00, was taken from her control without her consent. On this particular date, the truck was being operated by J. L. Higgenbotham, an employee of the laundry. He testified that at approximately 6:30 P.M. on the evening in question the truck was parked at the laundry. He was inside the laundry getting a final load of goods to put on the truck for delivery. When he came back to where the truck was supposed to be, it was gone. Higgenbotham immediately reported to the police that the truck was missing, and gave them a description of the vehicle. At 7:00 P.M. the same evening, Sergeant Holcomb of the Dallas Police Department stopped the truck, which was being driven by A. M. Washington, the appellant. Washington informed the Sergeant that his name was Nathaniel Mann and that he was an employee of the laundry. Holcomb radioed to get verification of the driver's claim of employment and was informed that it was false and that he was not supposed to be driving the truck.

Appellant offered no testimony in his behalf.

■ Appellant's first contention is that the evidence is insufficient to sustain the conviction because the witness Higgenbotham, who had custody of the truck, did not testify that he had not consented to the appellant or any other person taking the truck and without direct proof of such fact, alleged in the indictment, the evidence is insufficient.

The indictment alleges that the vehicle in question was owned by Mrs. M. C. Terry. She testified fully that she owned the truck, that Higgenbotham was her employee, and that she gave no other person permission or consent to take the vehicle.

There are no facts or circumstances in this case requiring proof that the employee, Higgenbotham, did not give his consent to the taking of the truck.

■ The mere custody of property by an employee or servant of the owner does not operate to take the property out of the possession of such owner. 5 Branch's Ann. P.C.2d 83, Sec. 2635.

■ Appellant's final contention is that the trial court erred in allowing the state to introduce evidence before the jury, of the appellant's prior felony convictions and submitting this evidence to the jury together with the issue of guilt or innocence of the primary offense.

This court has consistently approved the practice herein complained of. As was stated in Stephens v. State, Tex.Cr.App., 377 S.W.2d 189, "We are not disposed to depart from our holding in numerous decisions that the state may allege and prove a previous conviction for the purpose of enhancing the punishment under the applicable enhancement statute." (Arts. 61 to 63 P.C.).

Finding no reversible error, the judgment is affirmed.