Ex parte A. M. WASHINGTON.

No. 42174.

Court of Criminal Appeals of Texas.

June 18, 1969.

---

Don Campbell, Dallas, for petitioner.

Henry Wade, Dist. Atty., Malcolm Dade, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is a habeas corpus proceeding instituted under the provisions of Article 11.07, Vernon's Ann.C.C.P., by an inmate of the Texas Department of Corrections attacking as void the conviction under which he is now confined.

After an evidentiary hearing in the Criminal Distirct Court No. 5 of Dallas County, Texas, the record was transmitted to this Court along with the trial court's findings of fact and conclusions of law.

The record reflects that petitioner was convicted in the Criminal District Court No. 4 of Dallas County of felony theft in 1965. With two prior convictions alleged for enhancement under the provisions of Article 63, Vernon's Ann.P.C. his punishment was assessed at life. On appeal his conviction was affirmed. Washington v. State, Tex.Cr.App., 408 S.W.2d 717.

The question now presented was not raised during petitioner's trial or on appeal.

It is petitioner's sole contention that the Honorable John Mead, Judge of the said Criminal District Court No. 4, who presided at his 1965 trial in Cause No. E–9134–IK, was disqualified to do so since he had been the assistant district attorney who had *personally and actively* prosecuted the case which resulted in petitioner's conviction in 1958 in Criminal District Court No. 2 of Dallas County and which was one of the prior convictions alleged for enhancement in said Cause No. E–9134–IK. The record supports petitioner's contention.

Petitioner relies upon the provisions of Article V, Sec. 11 of the State Constitution, Vernon's Ann.St. and Article 30.01, V.A.C.C.P., which provides that no judge shall sit in any case where he has been of counsel for the State.

These provisions of our Constitution and also of the statute have been con-

strued as being mandatory and must be observed. Pennington v. State, 169 Tex.Cr. R. 183, 332 S.W.2d 569, 570, and authorities there cited.

 These provisions have application when the trial judge has been of counsel for the State only in a prior conviction alleged for enhancement in the indictment. Pennington v. State, supra; Adcock v. State, 146 Tex.Cr.R. 84, 172 S.W.2d 103; Woodland v. State, 147 Tex.Cr.R. 84, 178 S.W.2d 528; Camper v. State, 146 Tex. Cr.R. 522, 176 S.W.2d 943; Wood v. State, 166 Tex.Cr.R. 94, 311 S.W.2d 409.

In Ex parte Hopkins, Tex.Cr.App., 399 S.W.2d 551, this Court was confronted with a case remarkably similar to the case at bar. There the petitioner Hopkins collaterally attacked his conviction as void on the same grounds as does this petitioner.

Relying upon Pennington v. State, supra, where the question of disqualification was raised on direct appeal, this Court granted the relief sought in Hopkins even though the trial judge had prior to trial granted the State's motion to abandon and dismiss that portion of the indictment alleging prior convictions.

We deem Ex parte Hopkins, supra, as controlling and dispositive of the case before us.

Nevertheless, the State vigorously urges that the failure of the petitioner to raise the question of disqualification at the time of the trial or on direct appeal operates as a waiver.

We cannot agree. "Where a disqualification arises from a constitutional or statutory provision it cannot be waived even by consent of the parties litigant." Woodland v. State, 147 Tex.Cr.R. 84, 178 S.W.2d 528, 529–530. See also Gresham v. State, 43 Tex.Cr.R. 466, 66 S.W. 845. The disqualification of a judge is a matter affecting the jurisdiction and power of the court to act and cannot be waived. See Pahl v. Whitt (Tex.Civ.App.), 304 S.W.2d

250; Lee v. British-American Mortgage Co. (Tex.Civ.App.), 115 S.W. 320.

Where a disqualified judge tries a criminal case the proceedings are a nullity and the judgment is void. Woody v. State, Tex.Cr.App., 69 S.W. 155; Graham v. State, 43 Tex.Cr.R. 110, 63 S.W. 558. Article V, Sec. 11, Vernon's Anno. Texas Constitution, note 18; Article 30.01, V.A. C.C.P., note 12. Where such conviction is void it is subject to collateral attack. Woodland v. State, supra.

The conviction in said Cause No. E–9134–IK being void because of the disqualification of Judge Mead, the petition for writ of habeas corpus is granted, the conviction affirmed in 408 S.W.2d 717 is set aside, the petitioner is ordered remanded to the custody of the sheriff of Dallas County to answer the indictment in said Cause No. E–9134–IK.

It is so ordered.

DOUGLAS, J., not participating.