Jeffrey Lane McKINNEY, a/k/a Jeffrey McKinney, Appellant,

v.

The STATE of Texas, State.

No. 2–93–254–CR.

Court of Appeals of Texas, Fort Worth.

Aug. 3, 1994.

Allan K. Butcher, John C. Beatty, Hill, Beatty, Butcher & Gallagher, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall, Charles Mallin, Asst. Chief Appellate Section, Edward L. Wilkinson, Asst. Crim. Dist. Atty., Fort Worth, for appellee.

Before LATTIMORE, WEAVER and DAY, JJ.

## OPINION

DAY, Justice.

Jeffrey Lane McKinney was convicted by a jury of the offense of aggravated sexual assault. After he pled "True" to an enhancement count, the jury assessed his punishment at seventy-five years in prison. McKinney raises one point of error, contending his conviction is invalid because the voir dire was conducted by a magistrate.

We overrule the point of error and affirm the conviction.

McKinney does not challenge the sufficiency of the evidence to support the conviction; thus we will not detail the facts of the assault. His sole point of error states that the conviction is invalid because a critical portion of the trial was conducted by a magistrate who had no authority to act and was "nothing more than a mere volunteer." McKinney's case was called for trial in Tarrant County Criminal District Court Number One. After he was arraigned before Judge Sharen Wilson, the elected judge of that court, and the judge had accepted his plea of "Not Guilty," the following occurred:

> THE COURT: The pleas will be entered. You may be seated. As I understand it—you may be seated. The Defendant's going to the jury for punishment. There is no issue for probation.
>
> And before we got on the record, I had asked the attorneys whether or not they would agree to allow the Magistrate to be present in place of myself during jury voir dire. Does the State have any objections?
>
> [STATE'S ATTORNEY]: We have no objection, your Honor.
>
> THE COURT: Defense?
>
> [DEFENSE ATTORNEY]: The Defense would not have any objections, your Honor.

Shortly after that, voir dire began with Magistrate Molly Jones presiding instead of Judge Wilson. The magistrate presided over the entire jury selection process, including seating and swearing in the panel and giving the initial instructions.

The powers, qualifications, and duties of Tarrant County Criminal Law Magistrates are set out in subchapter H of the Texas Government Code, beginning in section 54.-651. A judge may refer to a magistrate "any criminal case for proceedings involving: ... (3) a pretrial motion; ... (5) an examining trial; and (6) any other matter the judge considers necessary and proper." TEX.GOV'T CODE ANN. § 54.656(a) (Vernon 1988). Subsection c states that a magistrate "may not preside over a trial on the merits, whether or not the trial is before a jury." *Id.*

The powers of a Tarrant County Criminal Law Magistrate are defined in section 54.658:

(a) Except as limited by an order of referral, a magistrate to whom a case is referred may:

(1) conduct hearings;

(2) hear evidence;

(3) compel production of relevant evidence;

(4) rule on admissibility of evidence;

(5) issue summons for the appearance of witnesses;

(6) examine witnesses;

(7) swear witnesses for hearings;

(8) make findings of fact on evidence;

(9) formulate conclusions of law;

(10) rule on a pretrial motion;

(11) recommend the rulings, orders, or judgment to be made in a case;

(12) regulate proceedings in a hearing;

(13) accept a plea of guilty for a misdemeanor from a defendant charged with both misdemeanor and felony offenses; and

(14) do any act and take any measure necessary and proper for the efficient performance of the duties required by the order of referral.

(b) A magistrate may not enter a ruling on any issue of law or fact if that ruling could result in dismissal or require dismissal of a pending criminal prosecution, but the magistrate may make findings, conclusions, and recommendations on those issues.

TEX.GOV'T CODE ANN. § 54.658 (Vernon 1988). Additionally, we note that section 54.662(b) states that an action of a magistrate becomes the decree of the court if the court does not

**870**

"modify, correct, reject, reverse, or recommit" an action of the magistrate. TEX.GOV'T CODE ANN. § 54.662(b) (Vernon 1988). Clearly, Tarrant County magistrates are given broad powers to assist a trial court in managing its heavy criminal dockets.

It is undisputed that McKinney's counsel not only raised no objection to the magistrate conducting voir dire, she stated on the record that "The Defense would not have any objections" to the proposal of the trial judge. McKinney argues that counsel had no power to waive the presence of the district judge at the trial, and the presence of a "non-qualified" judge entitles the defendant to a new trial without error being preserved. We disagree. The Court of Criminal Appeals ruled in a case involving the use of a magistrate in a probation revocation hearing that the hearing was not a "trial on the merits."

> **Even if the magistrate had presided over a trial on the merits,** the Court of Appeals improperly concluded that a reversal was mandated. The record shows that appellant consented to the judge's referral of the probation revocation hearing to the magistrate. Appellant did not object to the magistrate's actions at the hearing, nor did he raise the issue on appeal.
>
> In the case at bar, the magistrate had jurisdiction of the case. Thus, if he acted in a manner proscribed by Art. 1918c, such would constitute merely an **irregularity in the proceedings, and an objection at trial would be necessary to preserve the issue for appellate review.** Since appellant made no objection, and did not even raise the issue on appeal, the Dallas Court of Appeals erred in holding that the magistrate's alleged violations of Art. 1918c was fundamental error mandating reversal.

*Jones v. State,* 728 S.W.2d 801, 803–04 (Tex. Crim.App.1987) (emphasis added) (footnote omitted). McKinney cites *Woodland v. State,* 147 Tex.Crim. 84, 178 S.W.2d 528 (App.1944) as authority for his position that no objection needed to be made at trial. We believe *Woodland* is not on point as it involved an instance where the district judge was disqualified by the constitution from presiding over the case. Here, there is no doubt Judge Wilson had jurisdiction and authority

over the proceedings; the question is simply whether she delegated too much to the magistrate. Under *Jones,* if the magistrate acted—without objection—in a manner proscribed by the section 54.656 of the Code, such would merely be an "irregularity."

McKinney makes several disjointed arguments that he need not have raised constitutional issues in the trial court for this court to address them and that the failure to object to an unconstitutional proceeding should be the same as not having to object to an unconstitutional statute. By that statement, we presume he does not challenge the constitutionality of the Government Code sections regulating Tarrant County magistrates and we do not address that issue further. The law disagrees with McKinney's position on the need to preserve error in the trial courts, however. Even constitutional errors may be waived by failure to object in the trial court. *Briggs v. State,* 789 S.W.2d 918, 924 (Tex. Crim.App.1990); *Ex parte Russell,* 738 S.W.2d 644, 647 (Tex.Crim.App.1986). Having failed to object at trial to the magistrate conducting voir dire, no potential error has been preserved for this court to address.

McKinney's sole point of error is overruled and the judgment is affirmed.