**Ex parte Gene Autry PENDLETON.**

No. 45114.

Court of Criminal Appeals of Texas.

Feb. 16, 1972.

Rehearing Denied April 5, 1972.

Melvyn Carson Bruder, Dallas, for petitioner.

Jim D. Vollers, State's Atty., and Robert Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is a post conviction habeas corpus proceeding where the petitioner seeks to set aside his conviction which was affirmed in Pendleton v. State, 434 S.W.2d 694 (Tex. Cr.App.1968). He contends the conviction is void in that the trial judge was disqualified to act in such capacity since the judge had personally and actively participated as a prosecutor in one of the prior convictions alleged and used to enhance his punishment. Petitioner relies upon Ex parte Washington, 442 S.W.2d 391 (Tex.Cr.App.1969).

The habeas application was first presented to the convicting court as required by Article 11.07, Vernon's Ann.C.C.P. On November 1, 1971, the trial court made certain findings of fact and conclusions of law in which the trial court concluded that the petitioner was entitled to the relief sought. We do not agree.

Ex parte Washington, supra, was based upon the Pennington (Pennington v. State, 169 Tex.Cr.R. 183, 332 S.W.2d 569) line of cases which was overruled by this court upon re-consideration of the disqualification question in Hathorne v. State, 459 S.W. 2d 826 (Tex.Cr.App.1970).

The application for habeas corpus is without merit and should be denied.

It is so ordered.