## Ex parte Argentina Desvigne MILLER.

### No. 69445.

Court of Criminal Appeals of Texas, En Banc.

Sept. 25, 1985.

Sharon Kutzschbach, Huntsville, for appellant.

John B. Holmes, Jr., Dist. Atty., and Karrie Key, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

WHITE, Judge.

This proceeding involves an original application for a writ of habeas corpus pursuant to Art. 11.07, V.A.C.C.P.

Applicant asserts the judgment revoking her probation is void because the judge was the same attorney who actively represented the State at the hearing where she was put on probation.

On September 24, 1979, in the 228th District Court of Harris County, applicant pled guilty to two counts of credit card abuse. The trial court deferred further proceedings against her without entering an adju-

dication of guilt and placed her on probation for four years pursuant to Art. 42.12, § 3d, V.A.C.C.P. An agreed motion to modify the terms of probation was filed by both parties on November 14, 1979. A motion to adjudicate guilt was filed on May 5, 1980. In all of these proceedings, the State was represented by The Honorable Ted Poe, then Assistant District Attorney for Harris County, Texas.

Subsequently, on March 11, 1982, a second motion to adjudicate guilt was filed in the 228th District Court. Prior to this, Poe was appointed Judge.

The actual order of adjudication of guilt on March 22, 1982, while heard in the 228th District Court, does not bear Judge Poe's signature as either state's attorney or judge. It also appears from the record that the original motion to adjudicate guilt, filed on May 5, 1980, was reset and not heard until March 22, 1982, the day of the hearing on the motion filed on March 11, 1982. The order adjudicating guilt stated that applicant would be sentenced to 5 years probation on both counts.

On October 19, 1983, the applicant's probation was revoked by the 228th District Court, Judge Ted Poe now presiding. It is this judgment that applicant seeks to void because the trial judge was disqualified from presiding over the revocation hearing by his prior active participation in the case as counsel for the State.

Article V, Sec. 11, of the Texas Constitution, states in part: "No judge shall sit in any case wherein ... he shall have been counsel in the case."

Article 30.01, V.A.C.C.P., reads in part as follows: "No judge ... shall sit in any case ... where he has been of counsel for the State or the accused...."

These provisions have been held to be mandatory, see *Pennington v. State*, 169 Tex.Cr.R. 183, 332 S.W.2d 569 (Tex.Cr.App. 1960) (rev'd on other grounds); *Hathorne v. State*, 459 S.W.2d 826 (Tex.Cr.App.1970), cert. den. 402 U.S. 914, 91 S.Ct. 1398, 28 L.Ed.2d 657 (1971).

In *Hathorne*, supra, this Court interpreted these provisions as mandatory (following *Pennington* on this point, while reversing on other grounds), but construed "counsel in the case" to require an affirmative showing that the judge actually acted as counsel in the very case before him. *Id.*, at 829. See also *Ex parte Largent*, 144 Tex.Cr.R. 592, 162 S.W.2d 419 (Tex.Cr. App.1942), *cert. den. Largent v. Reeves*, 317 U.S. 668, 63 S.Ct. 72, 87 L.Ed. 536 (1942), reh. den. 317 U.S. 713, 63 S.Ct. 443, 87 L.Ed. 568 (1943).

In *Ex parte Pendleton*, 477 S.W.2d 591 (Tex.Cr.App.1972), this Court followed *Hathorne*, supra, and held that prior convictions wherein the trial judge had represented the State as its attorney could be used for enhancement purposes in a later case before the same judge. The instant case is distinguishable because a probation revocation is part of the same ongoing case. In contrast, when a prior conviction is used to enhance a later and distinct case, the prior trial and the later trial on the enhanced offense are two separate cases. *Stratmon v. State*, 169 Tex.Cr.R. 188, 333 S.W.2d 135 (1960); *Wilson v. State*, 156 Tex.Cr.R. 228, 240 S.W.2d 774 (Tex.Cr.App.1951).

The cases of *Rodriguez v. State*, 489 S.W.2d 121 (Tex.Cr.App.1972), reh. den. 1973, and *Carter v. State*, 496 S.W.2d 603 (Tex.Cr.App.1973), both follow the interpretation of "counsel in the case," as set out in *Hathorne*, supra.

In *Rodriguez v. State*, supra, the appellant's third ground of error alleged the judge was disqualified because he had once been counsel in the case. This Court held that since the judge did not actually investigate, advise, or participate in the case in any way, he had not "acted as counsel in the case" as contemplated by the constitutional and statutory provisions relied upon. *Id.*, at 123.

In *Carter v. State*, supra, this Court held, absent an affirmative showing, an active participation would not be imputed to disqualify a judge from hearing a case. *Id.*, at 604.

In the case at bar, the judge of the trial court had an actual and active participation in the applicant's conviction. This is apparent from the record. The trial judge's signature as Assistant District Attorney appears on the application for jury waiver, the waiver of indictment and charge by information, the plea bargaining agreement, the agreed motion to modify probation, and the first motion to adjudicate guilt. His name also appears on the docket sheet in these proceedings as the state's attorney. Additionally, no other attorney's name is shown as a representative of the State in these proceedings.

This level of participation by a judge who previously represented the State exceeds the amount that this Court held to be reversible error in the case of *Lee v. State*, 555 S.W.2d 121 (Tex.Cr.App.1977). In *Lee*, supra, this Court found unassigned error based on a letter written by the trial judge (while acting as an Assistant District Attorney) to the defense attorney during plea negotiations in appellant's first trial. Although the trial judge in *Lee*, supra, was not the actual prosecutor and stated into the record at pre-trial that he had no independent recollection of the letter's contents, and the defense attorney in the second trial acknowledged that the trial judge adequately presented evidence that he was not disqualified, this Court held the record indicated participation sufficient to constitute disqualification of the trial judge. *Id.,* at 125.

In *Williams v. State*, 492 S.W.2d 522 (Tex.Cr.App.1973), (cert. den.) 414 U.S. 1012, 94 S.Ct. 378, 38 L.Ed.2d 250 (1973), which is cited in *Carter*, supra, we declined to hold a judge was disqualified from a probation revocation hearing where he had heard the original case. But in the case before us, the judge revoking probation was not the judge who heard the case originally, but the Assistant District Attorney who participated and actively sought the conviction. ╷

■ It is a denial of a person's right to judicial impartiality to allow the state's attorney to later become judge in the same case. And such conduct is directly prohibited by the Constitution and statutes of this State. Art. V, Sec. 11, Texas Constitution; Art. 30.01, V.A.C.C.P.

■ The State cites *Hopkins v. State*, 610 S.W.2d 479 (Tex.Cr.App.1980) and *U.S. v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), for the proposition that applicant has waived any error by failing to appeal. In *Woodland v. State*, 147 Tex. Cr.R. 84, 178 S.W.2d 528 (Tex.Cr.App.1944), this Court held that when a disqualification arises from a constitutional or statutory provision, it cannot be waived. Further, the judgment is void and subject to collateral attack. *Id.,* 178 S.W.2d at 529–530. See also *Ex parte Washington*, 442 S.W.2d 391 (Tex.Cr.App.1969); *Lee v. State*, supra, at 124; *Ex parte McDonald*, 469 S.W.2d 173 (Tex.Cr.App.1971). We therefore find the State's position without merit.

■ We conclude that the record in the instant case indicated the trial judge actively participated in applicant's trial as state's attorney and such conduct disqualifies him from presiding as judge in a subsequent probation revocation hearing. Art. V, Sec. 11, Texas Constitution; Art. 30.01, V.A.C. C.P.; *Prince v. State*, 158 Tex.Cr.R. 65, 252 S.W.2d 945 (1952); *Lee v. State*, supra.

We hold the judgment of the 228th District Court, Harris County, revoking probation of applicant null and void and grant applicant's writ. The relief prayed for is granted. The judgment of conviction is set aside, and applicant is remanded to the custody of the Sheriff of Harris County for proceedings consistent with this opinion.

It is so ordered.