**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Kelly Jay CARRAWAY, Appellee.**

**No. 07–88–0289–CV.**

Court of Appeals of Texas, Amarillo.

May 30, 1989.

Appellee's Rehearing Denied June 28, 1989.

Appellant's Rehearing Granted June 28, 1989.

Travis Ware, Dist. Atty., Ruth Cantrell, Asst. Dist. Atty., Lubbock, for appellant.

Goodwin Hale and James F. Moore, Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellant Texas Department of Public Safety (the Department) brings this appeal from a nunc pro tunc summary judgment changing the period of appellee Kelly Jay Carraway's (Carraway) driver license suspension from twelve (12) months to ninety (90) days. In one point, the Department says the judgment is in error and in conflict with the controlling statute which requires a twelve (12) month suspension. We reform the judgment to provide for a driver's license suspension of twelve months and, as reformed, affirm the trial court judgment.

Since Carraway agrees that the Department in its brief has correctly recited the relevant facts, our resume is based upon that recitation and the unchallenged findings of fact by the trial court. On or about May 18, 1987, Carraway was convicted of the offense of driving while intoxicated in the County Court of Nolan County. He was admitted to probation on that offense and one condition of that probation was that he "complete before the 181st day after the date of the probation an educational program imposed under Section 6c, Article 42.13, Texas Code of Criminal Procedure." He did not complete the program within the requisite time period and no waiver of the requirement or extension of time within which to complete the course was granted by the Nolan County Court. On May 23, 1986, prior to his Nolan County conviction, Carraway had been convicted of the same offense.

Under the provisions of Texas Revised Civil Statutes Annotated article 6687b, section 24(g), on January 7, 1988, the Department notified Carraway that his driver's license was to be suspended and that he had the right to have a hearing in a Justice or Municipal Court, if the hearing was requested within twenty (20) days from his receipt of the notice. Carraway requested such a hearing and one was held in a Justice Court in Lubbock County on March 16, 1988. At that hearing, the court found that Carraway had failed to complete the course within the required time and, in compliance with Texas Revised Civil Statutes Annotated article 6687b, section 24(g), suspended his license for a period of twelve (12) months.

Carraway appealed the decision of the Justice Court to Lubbock County Court at Law Number 2 on March 24, 1988. On May 6, 1988, the Department filed its motion for summary judgment. On June 6, 1988, after a hearing, the County Court at Law entered a summary judgment suspending appellant's driver's license for twelve (12) months. However, on August 2, 1988, the trial court entered a nunc pro tunc judgment changing the period of suspension from twelve (12) months to ninety (90) days.

Although article 6687b was amended effective September 1, 1987, by express provision those amendments were made effective only as to offenses committed on or after September 1, 1987.

Therefore, the Department asserts, and Carraway does not contest, that the controlling statute in this cause of action is Acts 1983, 68th Legislature, Page 1570, Chapter 303, Section 2, (Article 6687b, Section 24, Subsection (g), V.T.C.S.). That statute provides in pertinent part:

(1) Except as provided in Subdivision (2) of this subsection, the Department may not, during the period of probation, suspend the driver's license, permit, or non-resident operating privilege of a person if the person is required under Section 6c, Article 42.13, Code of Criminal Proce-

dure, 1965, to attend and successfully complete an educational program designed to rehabilitate persons who have driven while intoxicated. The Department also may not suspend the driver's license, permit, or nonresident operating privilege of a person for whom the jury has recommended, under Section 3a, Article 42.13, Code of Criminal Procedure, 1965, no suspension.

(2) After the date has passed, according to the records of the Department, for successful completion of an educational program designed to rehabilitate persons who have driven while intoxicated, if the records do not indicate successful completion of the program, the Director shall suspend the person's driver's license, permit, or nonresident operating privilege or, if the person is a resident without a license or permit to operate a motor vehicle in this state, shall issue an order prohibiting the person from obtaining a license or permit. A suspension or prohibition order under this subsection is effective for a period of twelve (12) months.

\* \* \* \* \* \*

(4) A hearing on suspension or prohibition shall be held in a municipal or justice court in the county of the person's residence in the manner provided for a hearing on suspension under Section 22(a) of this Act. At the hearing, the issues to be determined are whether the person has successfully completed an educational program that was imposed under Section 6c, Article 42.13, Code of Criminal Procedure, 1965, and whether the period for completion of the program has passed. If the court determines that the educational program imposed has not been completed and the period has passed, the court shall confirm the suspension or prohibition and notify the Department of that fact. If the court finds that the program imposed has been completed and that the period for completion has not passed, the court shall direct the Department to promptly rescind the order and reinstate in the records of the Department any driver's license, permit, or privilege of the person. The court

may modify or revoke an order of suspension or prohibition if the court determines for good cause shown that the person was unable to complete an educational program within the period originally specified by the court. The court shall condition the modification or revocation of the order on the person's completion of the course within a period specified by the court not to exceed one (1) year from the beginning date of the person's probation.

As relevant here, section 22(a) provides for a hearing before a city mayor, a judge of the police court, or a justice of the peace, with right of appeal to a county court.

■ We are instructed by the Supreme Court in *Texas Dept. of Public Safety v. Schaejbe*, 687 S.W.2d 727, 728 (Tex.1985) that the right to an appeal in a license suspension proceeding does not exist in the absence of statutory authority since the entitlement to a driver's license is not a right but a privilege. It, therefore, follows that the parameters of such an appeal are set and controlled by the statute granting the right to that appeal. *Id.*

■ While the statute in question quite clearly provides the manner (read mechanics) of the appeal, *i.e.*, the hearing before a justice or municipal court with right of appeal to a county court, as provided in section 22(a), the issues to be determined are specifically limited to whether the individual in question has failed to complete a required educational program and whether the period allowed for completion of that program has expired. If those issues are determined adversely to that individual, the statute also specifically directs that the court "shall confirm the suspension or prohibition." No authority is granted the court to limit or modify the period of suspension.

In asserting that the court does have the authority to modify the period of suspension, Carraway relies solely upon *Pennington v. State*, 169 Tex.Crim. 183, 332 S.W.2d 569 (1960). That reliance is misplaced for the case is clearly distinguishable. *Pennington* involved an appeal from a felony

conviction, a procedure which is different from, and governed by, a panoply of rights separate from the limited right of appeal granted by the statute here in question. The Department's point of error is sustained.

Since it is undisputed that a permissible educational course was required that was not completed within the required time limit and that no waiver or extension of that time limit exists, we must reform the judgment here on appeal. Tex.R.App.P. 80(b)(2). The judgment is, therefore, reformed to provide for a twelve (12) month license suspension and, as reformed, the judgment is affirmed.

## ON MOTIONS FOR REHEARING AND MOTION TO PUBLISH OPINION

Both parties have filed motions for rehearing in this cause and appellant has filed a motion requesting that our opinion be published. We have carefully examined appellee's motion for rehearing but we remain convinced that our original disposition insofar as appellee's contentions are concerned was correct. Accordingly, appellee's motion for rehearing is overruled.

In appellant's motion for rehearing, it does not seek any modification of our original decision other than our assessment of costs. In that motion it points out that, although its contentions on appeal were sustained by this Court, the costs of appeal were assessed against it. Therefore, it asks that costs be assessed against Kelly Jay Carraway. That motion is well taken.

Accordingly, and to reflect a proper disposition of costs occasioned by the appeal, our judgment dated May 30, 1989 is set aside, and judgment here rendered reforming the judgment of the trial court to provide for a twelve (12) month license suspension and, as reformed, that judgment is affirmed. Costs of this appeal are assessed against Kelly Jay Carraway.

It further appearing to this Court that appellant's motion to publish our opinion is well taken, that motion is granted. Both our opinion dated May 30, 1989 and this opinion are ordered published.