# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00292-CR

**Keith Duchon Garrett, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
### NO. 01-325-K277, HONORABLE KEN ANDERSON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Keith Duchon Garrett appeals his conviction for indecency with a child, urging in a single issue that, because the trial judge served as district attorney when Garrett was indicted, the judge was disqualified and the proceeding was void based on a lack of jurisdiction. We will affirm.

### BACKGROUND

In October 2001, Garrett pleaded guilty to indecency with a child by exposure. *See* Tex. Pen. Code Ann. § 21.11 (West 2003). At that time, the Honorable Jon R. Carter presided over the 277th District Court. Pursuant to a plea agreement, Judge Carter deferred adjudication, placed appellant on community supervision for five years, and ordered Garrett to pay a $2,500 fine and to serve thirty days in jail. In December 2003, the State filed a motion to set aside Garrett's deferred

adjudication. An initial hearing on this matter occurred in January 2004. By this time, the Honorable Ken Anderson presided over the 277th District Court.

Judge Anderson began the hearing by calling the case and then saying:

> So, the first thing I need to take up with you and your attorney is you were actually prosecuted in 2001 when I was still District Attorney of Williamson County. I just checked the file, and it doesn't appear that I had anything to do with the actual prosecution of your case. It was handled by one of the Assistant D.A.s that worked for me. So I can hear your case. But if either you or [your attorney] would prefer I not hear your case I would be happy to get another judge, and that is entirely up to you. So, you will need to talk about it.

The record reflects that Garrett then conferred with his counsel, and Judge Anderson asked the prosecutor to confirm from the file that he had not participated in Garrett's case as a district attorney. The prosecutor verified that Judge Anderson had no personal involvement in the case. Garrett's attorney responded that "Mr. Garrett has stated that he has no opposition, nor do I, to your continuing with the case."

At a subsequent hearing in April 2004, Judge Anderson adjudged Garrett guilty and ordered his probation revoked. After Garrett's attorney stated that there was no legal reason to postpone sentencing, the court sentenced Garrett to ten years' imprisonment. Garrett contends in one issue that this adjudication of guilt and this sentence should be reversed as void because the court lacked jurisdiction based on Judge Anderson being disqualified.

**ANALYSIS**

In a criminal case, "[n]o judge . . . shall sit in any case . . . where he has been of counsel for the State. . . ." Tex. Code Crim. Proc. Ann. art 30.01 (West Supp. 2005); *see also* Tex.

2

Const. art. V, § 11.  These provisions have been interpreted as mandatory, unwaivable, and jurisdictional.  *Gamez v. State*, 737 S.W.2d 315, 318 (Tex. Crim. App. 1987).  However, for over a century the court of criminal appeals has consistently held that, as applied to former prosecutors, a judge is disqualified only if the record affirmatively demonstrates that he actively participated in the very case as a prosecutor.  *See, e.g., id*. at 319; *Ex Parte Miller*, 696 S.W.2d 908, 910 (Tex. Crim. App. 1985); *Holifield v. State*, 538 S.W.2d 123, 125 (Tex. Crim. App. 1976); *Carter v. State*, 496 S.W.2d 603, 604 (Tex. Crim. App. 1973); *Utzman v. State*, 24 S.W. 412, 412 (Tex. Crim. App. 1893).  Without more, the mere fact that a judge served as a district attorney while the appellant's case was pending does not disqualify the judge.  *Gamez*, 737 S.W.2d at 319-20; *Hathorne v. State*, 459 S.W.2d 826, 829 (Tex. Crim. App. 1970).  As contrary authority, Garrett cites *In re K.E.M.*, 89 S.W.3d 814 (Tex. App.—Corpus Christi 2002, no pet.).  *In re K.E.M.*, however, is distinct because it was a juvenile case governed by the rules of civil procedure, not a criminal case.[1]

Garrett does not contend that Judge Anderson, in his former role as district attorney, actively participated in his case.  Moreover, the record demonstrates that Judge Anderson checked the file to confirm that he had no personal involvement with the case and that the prosecutor verified this through an independent review of the file.  Because Judge Anderson did not actively participate in Garrett's case as a district attorney, he was not disqualified from sitting in Garrett's case as a district judge.  *See Gamez*, 737 S.W.2d at 319-20; *see also Gee v. State*, No. 03-04-00302-CR, 2005

---

[1] In any event, while we give due regard to the holdings of our sister courts, *In re K.E.M.* is not controlling authority, nor can it be viewed as overruling any of the cited opinions from the court of criminal appeals.  89 S.W.3d 814 (Tex. App.—Corpus Christi 2002, no pet.); *see also Gamez v. State*, 737 S.W.2d 315, 318 (Tex. Crim. App. 1987).

3

Tex. App. LEXIS 5506 (Tex. App.—Austin July 13, 2005, no pet.) (mem. op.) (concluding Judge

Anderson's previous service as Willamson County's District Attorney did not disqualify him from

presiding).  Garrett's single issue is overruled.[2]

## CONCLUSION

Having overruled Garrett's sole issue, the judgment is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B.A. Smith and Puryear

Affirmed

Filed:   January 27, 2006

Do Not Publish

---

[2] As an alternative response to Garrett's issue, the State urges that, in such circumstances as those presented here—where a criminal defendant (1) is notified in open court of the judge's former service as a district attorney while the case was pending, (2) is provided the choice as to whether the judge will preside or be recused, (3) is given an opportunity to consult with his attorney on the matter, and (4) affirmatively waives the judge's disqualification—the issue shall be considered waived for purposes of appeal. *See Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (appellant should not be permitted to benefit from "invited error"); *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993) (discussing rights subject to "express waiver").  We do not reach this issue, however, because the case is resolved by the opinions establishing that a judge is not disqualified when, as a former district attorney, he did not actively participate in the case. *See, e.g., Gamez*, 737 S.W.2d at 319.

4