NOS. PD-1054-15 & PD-1055-15
_____

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS
_____

ANTHONY AUSTIN METTS

VS.

THE STATE OF TEXAS
_____

ON DISCRETIONARY REVIEW FROM THE
COURT OF APPEALS FOR THE
ELEVENTH JUDICIAL DISTRICT OF TEXAS
AT EASTLAND
CAUSE NOS. 11-13-00203-CR & 11-13-00204-CR
_____

Appealed from the 385th District Court
of Midland County, Texas
Cause Nos. CR29169 & CR29170
_____

PETITION FOR DISCRETIONARY REVIEW
_____

RECEIVED IN
COURT OF CRIMINAL APPEALS

September 22, 2015

ABEL ACOSTA, CLERK

Josh Schaffer
State Bar No. 24037439

1301 McKinney, Suite 3100
Houston, Texas 77010
(713) 951-9555
(713) 951-9854 (facsimile)
josh@joshschafferlaw.com

Attorney for Appellant
ANTHONY AUSTIN METTS

**ORAL ARGUMENT REQUESTED**

# SUBJECT INDEX

**Page**

STATEMENT OF PROCEDURAL HISTORY ................................................. 1

STATEMENT REGARDING ORAL ARGUMENT ......................................... 2

GROUND FOR REVIEW.......................................................................... 2

       THE ELEVENTH COURT OF APPEALS ERRED IN HOLDING THAT A DISTRICT JUDGE WHO PRESIDED OVER A PROBATION REVOCATION PROCEEDING, ADJUDICATED GUILT, AND ASSESSED A PRISON SENTENCE WAS NOT CONSTITUTIONALLY AND STATUTORILY DISQUALIFIED EVEN THOUGH SHE PREVIOUSLY REPRESENTED THE STATE IN THE SAME CASE BY WAIVING THE STATE'S RIGHT TO A JURY TRIAL WHEN THE DEFENDANT ACCEPTED A PLEA BARGAIN.

STATEMENT OF THE CASE ...................................................................... 2

ARGUMENT .......................................................................................... 3

    A.    Statement Of Facts.................................................................. 3

    B.    Arguments And Authorities ..................................................... 5

        1.    The Applicable Law Regarding Judicial Disqualification.... 5

        2.    The Court Of Appeals' Decision ............................................ 8

        3.    Why The Court Should Grant Discretionary Review ........... 9

CONCLUSION....................................................................................... 15

CERTIFICATE OF SERVICE.................................................................... 15

CERTIFICATE OF COMPLIANCE ............................................................ 16

APPENDIX............................................................................................ 17

# INDEX OF AUTHORITIES

| **Cases** | **Page** |
|---|---|
| Ex parte McDonald, 469 S.W.2d 173 (Tex. Crim. App. 1971) | 7,11 |
| Ex parte Miller, 696 S.W.2d 908 (Tex. Crim. App. 1985) | 5-6,7,11 |
| Ex parte Richardson, 201 S.W.3d 712 (Tex. Crim. App. 2006) | 7 |
| Gamez v. State, 737 S.W.2d 315 (Tex. Crim. App. 1987) | 12 |
| Greer v. State, 999 S.W.2d 484 (Tex. App.—Houston [14th Dist. 1999, pet. ref'd) | 11 |
| Gresham v. State, 66 S.W. 845 (Tex. Crim. App. 1902) | 6 |
| Holifield v. State, 538 S.W.2d 123 (Tex. Crim. App. 1976) | 7 |
| Johnson v. State, 869 S.W.2d 347 (Tex. Crim. App. 1994) | 7 |
| Lee v. State, 555 S.W.2d 121 (Tex. Crim. App. 1977) | 6,7 |
| Metts v. State, Nos. 11-13-00203-CR & 11-13-00204-CR (Tex. App.—Eastland 2015) | 1 |
| State ex rel. Turner v. McDonald, 676 S.W.2d 371 (Tex. Crim. App. 1984) | 9 |
| Summerlin v. State, 153 S.W. 890 (Tex. Crim. App. 1913) | 6 |
| Whitehead v. State, 273 S.W.3d 285 (Tex. Crim. App. 2008) | 5,6 |
| Woodland v. State, 178 S.W.2d 528 (Tex. Crim. App. 1944) | 6 |

## Constitutional Provision          Page

TEX. CONST. art. V, § 11 ........................................................................... 5

## Statutory Provisions

TEX. CRIM. PROC. CODE art. 1.13(a) (West 2014) ........................................... 9

TEX. CRIM. PROC. CODE art. 30.01 (West 2014) ............................................. 5

TEX. CRIM. PROC. CODE art. 42.12, § 3g(a)(H) (West 2014) ........................... 10

## Rules

TEX. R. APP. P. 47.1 ................................................................................. 15

TEX. R. APP. P. 66.3(a) ............................................................................. 15

TEX. R. APP. P. 66.3(c) ............................................................................. 15

TEX. R. APP. P. 66.3(f) .............................................................................. 15

## Miscellaneous

http://www.txdirectory.com/online/person/?id=24503 .................................... 4

http://www.mrt.com/import/article_a8c47708-7765-52f9-9b1d-739730b6b0cd.html?mode=jqm ....................................... 4

## STATEMENT OF PROCEDURAL HISTORY

This appeal arises from two convictions for sexual assault of a child. Appellant pled guilty pursuant to a plea agreement. The Honorable Willie DuBose deferred an adjudication of guilt and placed him on deferred adjudication probation for ten years and assessed a $2,500 fine on March 26, 2004. J. Michael Cunningham represented him through the plea proceeding. Robin Malone Darr and Elizabeth Byer represented the State.

The State filed a motion to adjudicate appellant's guilt in May of 2013. Appellant pled true to two of the alleged violations of probation and not true to the remaining alleged violations. The Honorable Robin Malone Darr conducted a hearing, found that he violated some of the conditions of probation, adjudicated guilt, and assessed punishment at ten years in prison in both cases, to be served concurrently, on May 31, 2013. Rodion Cantacuzene and Elizabeth Rainey represented him at the adjudication hearing.

The Eleventh Court of Appeals affirmed the convictions in an unpublished opinion issued on July 16, 2015. Appellant did not move for rehearing. Metts v. State, Nos. 11-13-00203-CR & 11-13-00204-CR (Tex. App.—Eastland 2015) (not designated for publication) (Appendix). Present counsel represented him.

This Court previously granted an extension of time to file the petitions for discretionary review. They must be filed by September 16, 2015.

1

**STATEMENT REGARDING ORAL ARGUMENT**

Appellant requests oral argument should the Court grant review because the issue presented is important to the jurisprudence of the State, counsel enjoys argument before the Court, and he promises that it will be valuable to the Court's decision-making process.

**GROUND FOR REVIEW**

> The Eleventh Court of Appeals erred in holding that a district judge who presided over a probation revocation proceeding, adjudicated guilt, and assessed a prison sentence was not constitutionally and statutorily disqualified even though she previously represented the State in the same case by waiving the State's right to a jury trial when the defendant accepted a plea bargain (CR29169 C.R. 7; CR29169 Supp. C.R. 10; CR29170 Supp. C.R. 9; 1 Supp. R.R. 2-5).

**STATEMENT OF THE CASE**

The judgments adjudicating appellant guilty are void because the district judge who presided over the deferred adjudication probation revocation proceeding in 2013 was disqualified as a matter of law where she previously represented the State as an assistant district attorney during a critical stage of appellant's case in 2004. Specifically, she waived the State's right to a jury trial when appellant accepted the plea bargain from her. More than nine years later, she presided over his adjudication hearing as a district judge, convicted him, and assessed punishment at ten years in prison.

2

Article V, section 11 of the Texas Constitution and article 30.01 of the Code of Criminal Procedure prohibit a judge from presiding over a case in which she previously represented a party. However, the court of appeals held that the district judge had not represented the State previously because she only performed a "perfunctory act" when she waived the State's right to a jury trial and "she did not actively participate in [appellant's] conviction." Appendix at 3-5. This decision conflicts with the applicable caselaw from this Court and the plain language of the applicable constitutional and statutory authorities.

## ARGUMENT

### A. Statement Of Facts

Appellant was indicted on January 15, 2004, for sexually assaulting H.W., a child younger than 17 years of age who was not his spouse, on or about September 1, 2001, when he was 18 years old (CR29170 C.R. 6; CR29170 Supp. C.R. 10); and for sexually assaulting J.B., a child younger than 17 years of age who was not his spouse, on or about August 1, 2002, when he was 19 years old (CR29169 C.R. 6; CR29169 Supp. C.R. 11).[1]

According to the docket sheets, the parties entered into a plea agreement and executed a waiver of a jury trial in both cases on March 19, 2004 (CR29169 C.R. 7; CR29170 C.R. 7). The State was represented in that proceeding by Robin

---

[1] Appellant differentiates the Clerk's Records by the trial court cause numbers and the designation "Supp." for the supplemental records.

Malone Darr, the chief prosecutor of the 385th District Court at the time, whose initials, "RD," appear on the docket sheet, and whose signature appears on the jury waivers in each case (CR29169 C.R. 7; CR29169 Supp. C.R. 10; CR29170 Supp. C.R. 9; 1 Supp. R.R. 4). Judge Willie DuBose set the case for a plea the following week (CR29169 Supp. C.R. 9; CR29170 Supp. C.R. 8; 1 Supp. R.R. 5).

Appellant pled guilty to both indictments pursuant to a plea agreement on March 26, 2004 (CR29169 Supp. C.R. 22-37; CR29170 Supp. C.R. 21-36; 2 R.R. 5-11).[2] Judge DuBose accepted the plea agreement, deferred an adjudication of guilt, and placed appellant on deferred adjudication probation for ten years and assessed a $2,500 fine (CR29169 Supp. C.R. 10-20; CR29170 Supp. C.R. 11-21; 2 R.R. 14). Elizabeth Byer represented the State at the plea.

Soon thereafter, Robin Malone Darr became the presiding judge of the 385th District Court of Midland County.[3] More than nine years after appellant began his probation, the State filed a motion to adjudicate his guilt on May 10, 2013, alleging

---

[2] Two court reporters have filed different Reporter's Records in this appeal with the same volume numbers. The volume cited here is from the plea proceeding on March 26, 2004, not the adjudication hearing on May 30, 2013.

[3] According to the Texas State Directory, Judge Darr was a Midland County assistant district attorney for 19 years before she became the presiding judge of the 385th District Court in August of 2004. http://www.txdirectory.com/online/person/?id=24503. According to an article published in the Midland Reporter-Telegram on July 18, 2004, less than four months after she represented the State in appellant's case, she had been the chief prosecutor in the 385th District Court since its inception in 1995; and after Judge DuBose announced his retirement, the Midland County Republican Party Executive Committee voted to nominate her for the vacancy to that bench in July of 2004. http://www.mrt.com/import/article_a8c47708-7765-52f9-9b1d-739730b6b0cd.html?mode=jqm.

4

that he violated his probation by tampering with his GPS electronic monitor (CR29169 C.R. 8-9; CR29170 C.R. 8-9).  It filed an amended motion to adjudicate alleging additional violations on May 28, 2013 (CR29169 C.R. 19-25; CR29170 C.R. 19-25).  Judge Darr conducted an adjudication hearing on May 30, 2013.  She found multiple violations to be true, adjudicated appellant guilty, and assessed punishment at 10 years in prison on May 31, 2013 (CR29169 C.R. 40-50; CR29170 C.R. 40-50; 3 R.R. 4-6).[4]

## B.      Argument And Authorities

At issue is whether a prosecutor who waives the State's statutory right to a jury trial is acting as "counsel for the State."  A commonsense interpretation and application of the relevant law demonstrates that she is.  The court of appeals erroneously concluded to the contrary.

### 1.      The Applicable Law Regarding Judicial Disqualification

The Texas Constitution and the Code of Criminal Procedure provide that a judge is disqualified from sitting in a case where she was counsel in the case, either for the State or the accused.  TEX. CONST. Art. V, Sec. 11; TEX. CRIM. PROC. CODE art. 30.01 (West 2014).[5]  These provisions are mandatory.  Ex parte Miller, 696

---

[4] The judgments indicate that the court sentenced appellant on May 30, 2013, but the Reporter's Record demonstrates that it orally pronounced sentence on May 31.

[5] The earliest version of article 30.01 of the Code of Criminal Procedure was enacted in 1879 and has remained identical in all pertinent parts.  Whitehead v. State, 273 S.W.3d 285, 288 (Tex. Crim. App. 2008).

S.W.2d 908, 909 (Tex. Crim. App. 1985). "It is a denial of a person's right to judicial impartiality to allow the State's attorney to later become judge in the same case. And such conduct is directly prohibited by the Constitution and statutes of this State." Id. at 910.

A disqualified judge has no authority to act; this issue cannot be waived and renders the judgment null and void. Whitehead v. State, 273 S.W.3d 285, 286, n. 3 (Tex. Crim. App. 2008) ("We have long recognized, and held, that if a trial court judge is disqualified under Article 30.01 from presiding at a trial, then any resulting judgment is a nullity and may be challenged for the first time on appeal."); Lee v. State, 555 S.W.2d 121, 124 (Tex. Crim. App. 1977) (judge who presided over jury trial was disqualified, and judgment of conviction void, where he previously served as chief prosecutor who evaluated case and sent defense counsel letter recommending life sentence based on defendant's "deplorable" record); Gresham v. State, 66 S.W. 845 (Tex. Crim. App. 1902) (judgment void where judge disqualified because related to defendant within third degree of consanguinity). The parties cannot consent to a disqualified judge presiding over a case, id. at 845; Woodland v. State, 178 S.W.2d 528, 529-30 (Tex. Crim. App. 1944); Summerlin v. State, 153 S.W. 890, 892 (Tex. Crim. App. 1913). The defendant need not object in the trial court to preserve the issue for appeal, as long as the judge actually participated as counsel in the same case which is now before

6

her.  Holifield v. State, 538 S.W.2d 123, 125 (Tex. Crim. App. 1976); Johnson v.

State, 869 S.W.2d 347, 348-49 (Tex. Crim. App. 1994).[6]

The appellant must make an "an affirmative showing that the judge actually acted as counsel in the very case before [her]."  Ex parte Miller, 696 S.W.2d at 909.  Where a judge actively participated in a prosecution that resulted in probation, she may not thereafter preside over a revocation proceeding in the same case.  Id. at 909-10 (judge presiding over adjudication proceeding disqualified, and judgment void, where his signature appeared as counsel for State on jury waiver); Ex parte McDonald, 469 S.W.2d 173, 174 (Tex. Crim. App. 1971) (prior conviction void where judge who revoked probation represented State in original prosecution).[7]  It is irrelevant that the judge does not remember her involvement in the case as a prosecutor when she presides over the case as a judge.  Lee, 555 S.W.2d at 123-25.

---

[6] Indeed, this Court has considered the issue of a disqualified judge as unassigned error in the interest of justice even where the appellant did not raise the issue on appeal.  Lee, 555 S.W.2d at 122.

[7] This Court overruled Miller in 2006 to the limited extent that Miller held that a defendant may raise the issue of judicial disqualification for the first time in a habeas corpus proceeding.  Ex parte Richardson, 201 S.W.3d 712, 713-14 (Tex. Crim. App. 2006) (defendant must raise issue of judicial disqualification either in trial court or on direct appeal).  The substantive decision in Miller remains valid—that a judge is constitutionally and statutorily disqualified from presiding over a probation revocation hearing if she prosecuted the original case—but it no longer allows an applicant to raise the issue for the first time on habeas.

Richardson does not apply to appellant's case because appellant is not raising this issue on habeas and the judge in Richardson accepted a plea agreement on the motion to revoke the defendant's probation, whereas Judge Darr presided over a contested adjudication hearing without an agreed recommendation on punishment.  The Eleventh Court of Appeals assumed, without deciding, that appellant may raise this issue for the first time on appeal.  Appendix at 3.

7

## 2. The Court Of Appeals' Decision

Appellant contended in the court of appeals that the judgments adjudicating him guilty are void because Judge Darr was constitutionally and statutorily disqualified from presiding over the case where she previously represented the State when she offered the plea agreement and signed the jury waivers (CR29169 C.R. 7; CR29170 C.R. 7; CR29169 Supp. C.R. 10; CR29170 Supp. C.R. 9; 1 Supp. R.R. 3). The State ultimately conceded that Judge Darr was the prosecutor who signed the jury waivers for the State when appellant accepted the plea bargain.[8] Therefore, without any contested factual issues, the court of appeals only had to decide whether, as a matter of law, Judge Darr acted as "counsel for the State" when she waived the State's right to a jury trial and participated as the prosecutor at the hearing at which appellant notified the trial court that he had accepted the State's plea bargain.

The court of appeals held that Judge Darr did not act as counsel for the State because she performed a "perfunctory act" when she waived the State's right to a jury trial and that "she did not actively participate in his conviction." Appendix at

---

[8] The State initially equivocated on the threshold issue of whether the prosecutor's signature on the jury waiver form, in fact, belonged to Judge Darr. State's Brief in the Court of Appeals at 22 ("Judge Darr's signature appears on the Waiver of Jury, *but this has not been verified*") (emphasis added). Appellant then challenged the State either to admit that Judge Darr signed the jury waiver form or to assert who signed it if she did not do so. Appellant's Reply Brief in the Court of Appeals at 2-3. Thereafter, the State conceded that Judge Darr signed the jury waiver form and appeared for the State at the pretrial hearing on March 19, 2004. State's Reply Brief in the Court of Appeals at 3.

8

3-5. This conclusion erroneously conflicts with the applicable caselaw from this Court, as well as with the applicable constitutional and statutory authorities. It also conflicts with the intent of the parties and public policy.

**3. Why The Court Should Grant Discretionary Review**

The Code of Criminal Procedure establishes *as a matter of law* that Judge Darr acted as counsel for the State when she signed the jury waivers. The State has a statutory right to a jury trial. TEX. CRIM. PROC. CODE art. 1.13(a) (West 2014). A defendant may waive a jury trial "with the consent and approval of . . . *the attorney representing the state*." TEX. CRIM. PROC. CODE art. 1.13(a) (emphasis added). "[T]he consent and approval of *the attorney representing the state* shall be in writing, signed by that attorney, and filed in the papers of the cause before the defendant enters the defendant's plea." Id. (emphasis added). Therefore, Judge Darr must have been the "attorney representing the state" when she signed the jury waivers; otherwise, she would not have signed them.

A prosecutor's consent to the defendant's waiver of a jury trial is not a "perfunctory" act. Rather, it is a critical stage of a criminal proceeding. For example, a court has a ministerial duty to conduct a jury trial where the State refuses to consent to a defendant's waiver of a jury trial. State ex rel. Turner v. McDonald, 676 S.W.2d 371, 374 (Tex. Crim. App. 1984). There is no alternative, commonsense way to interpret article V, section 11 of the Texas Constitution and

9

article 30.01 of the Code of Criminal Procedure other than in harmony with article 1.13(a). The court of appeals ignored this statutory provision, even though appellant presented this argument in a pre-submission letter brief and during the oral argument. The court of appeals' decision cannot be squared with any interpretation of article 1.13(a), much less a commonsense one.

The waiver of a jury trial was especially significant in appellant's case because he was charged with "3g" offenses. As a result, he could not have received probation from the court had the State refused to waive a jury. See TEX. CRIM. PROC. CODE art. 42.12, § 3g(a)(H) (West 2014) (judge cannot impose probated sentence on defendant charged with sexual assault under section 22.011 of Penal Code). The court could give him probation only if the State waived a jury and the court deferred a finding of guilt. Where the plea agreement called for him to receive deferred adjudication probation, the State's consent to his jury trial waivers was an essential procedural component of that agreement. Accordingly, Judge Darr's consent to the waivers was not "perfunctory." The court of appeals ignored this argument, which appellant presented during the oral argument.

The court of appeals' decision also conflicts with the intent of the parties when they executed the jury trial waivers. Judge DuBose, defense counsel, the district clerk, and the court reporter all believed that Judge Darr represented the State at the hearing on March 19, 2004. The clerk listed her initials as "counsel for

10

the State" on the docket sheet (CR29169 C.R. 7), and the court reporter listed her as "counsel for the State" in the Reporter's Record (1 Supp. R.R. 2). Judge DuBose and defense counsel believed that she had authority to bind the State to the jury waivers; otherwise, Judge DuBose would not have accepted the waivers and set the case for a plea the following week. The court of appeals ignored this argument, which appellant presented during the oral argument.

The court of appeals' decision also conflicts with the controlling, well-established caselaw. This Court has held that a judge who previously participated in a prosecution that resulted in probation could not later preside over a probation revocation proceeding in the same case. Miller, 696 S.W.2d at 909-10; McDonald, 469 S.W.2d at 174. In Miller, the judge who revoked the defendant's probation had signed the jury waiver for the State at the time of the plea. In Greer v. State, 999 S.W.2d 484, 487-88 (Tex. App.—Houston [14th Dist. 1999, pet. ref'd), the judge, who previously was a prosecutor in the same court in which the defendant received probation, was thereafter disqualified from presiding over his probation; her order modifying the conditions of probation was void; and those conditions could not thereafter form the basis of a subsequent revocation. The court of appeals did not mention or attempt to distinguish McDonald or Greer. It distinguished Miller by observing that the judge who previously represented the State in that case had signed other forms in addition to the jury trial waiver.

11

Appendix at 4-5. That is a distinction without a difference, as the act of signing other forms did not diminish the significance of signing the jury waiver. Importantly, the court of appeals did not attempt to explain how a prosecutor could sign a jury waiver if she was not "counsel for the State." The court of appeals decided this important question of law in conflict with the applicable decisions of this Court and the Fourteenth Court of Appeals.

Instead, the court of appeals compared Judge Darr's participation in appellant's case to Judge Roy Barrera's role in Gamez v. State, 737 S.W.2d 315, 318-19 (Tex. Crim. App. 1987). Appendix at 5. Judge Barrera, who presided over the defendant's trial, had been an assistant district attorney when the case was indicted. His signature stamp was used on a form announcing that the State was ready for trial, but he had no other role in the case. The record established that someone else filled in the blanks on the form, that he did not personally prepare or sign it, and that someone else may have used his signature stamp. There was no Reporter's Record from a proceeding at which he represented the State. Indeed, there was no evidence that he had any personal connection to the prosecution of the case. Gamez is materially distinguishable from appellant's case because there is a fundamental difference between Judge Darr personally waiving the State's statutory right to a jury trial at a hearing on-the-record and the use of Judge Barrera's signature stamp on a form that was not required by law and did not waive

12

any rights that belonged to the State.  Gamez does not control the outcome of appellant's case, especially where Miller, McDonald, and Greer are more analogous.  The court of appeals' decision to the contrary conflicts with these applicable decisions and so far departs from the accepted and usual course of judicial proceedings as to call for an exercise of the Court's power of supervision.

The court of appeals held that there is no evidence that Judge Darr "actively participated" in appellant's case as a prosecutor by "signing *several* forms, reviewing and investigating a case file and making a recommendation for punishment, or helping prepare a case for trial."  Appendix at 4 (emphasis added).  However, the law does not require that appellant prove that she played such an extensive role.  It is sufficient that she "actively participated" as counsel for the State by signing the jury waivers for the State at a hearing-on-the-record when appellant accepted the plea bargain.  The court of appeals ignored that she was the chief prosecutor of the trial court.  She would have had a supervisory role over other prosecutors who handled cases in that court, even if the record does not demonstrate that she reviewed and investigated the case, helped prepare it for trial, or recommended a punishment.  Nevertheless, her presence as the prosecutor-of-record when appellant accepted the plea bargain demonstrates that she approved the punishment recommendation.  Otherwise, she would not have allowed him to accept the State's offer, waive a jury, and set the case for a plea.

13

Finally, the court of appeals' decision is contrary to public policy. Good public policy does not allow a prosecutor to later become the judge in the same case, which is why the Texas Constitution and the Legislature have prohibited it for so long. This case also involves a narrower public policy. The right to a jury trial is one of few rights that the Legislature has given the State in criminal cases. There is nothing "perfunctory" about it. It is arguably the most powerful sword that the State can draw on a defendant, next to the decision whether to dismiss a case or offer a plea bargain. It is a critical aspect of plea negotiations because in many cases, including appellant's, the State can control whether the defendant can receive probation from the court or must seek it from a jury. Here, Judge Darr used that power to appellant's benefit by graciously allowing him to receive deferred adjudication probation from the court, where he could not have received regular probation from the court had the State refused to waive a jury. It would establish bad public policy to allow Judge Darr to preside over his contested probation revocation proceeding where he allegedly violated the plea bargain that she graciously offered him as a prosecutor years earlier.

The Court should grant review because the court of appeals decided an important question of law in conflict with the applicable decisions of this Court and another court of appeals; so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of the Court's power of supervision;

14

and failed to address every issue raised by appellant's arguments. TEX. R. APP. P. 47.1, 66.3(a), 66.3(c), & 66.3(f).

## CONCLUSION

The Court should grant review, and order full briefing and oral argument, to resolve this important issue.

Respectfully submitted,

/S/ *Josh Schaffer*
Josh Schaffer
State Bar No. 24037439

1301 McKinney, Suite 3100
Houston, Texas 77010
(713) 951-9555
(713) 951-9854 (facsimile)
josh@joshschafferlaw.com

Attorney for Appellant
ANTHONY AUSTIN METTS

## CERTIFICATE OF SERVICE

I served a copy of this document on Carolyn Thurmond, assistant district attorney for Midland County; and on Lisa McMinn, State Prosecuting Attorney, by electronic mail on September 16, 2015.

/S/ *Josh Schaffer*
Josh Schaffer

15

## CERTIFICATE OF COMPLIANCE

The word count of the countable portions of this computer-generated document specified by Rule of Appellate Procedure 9.4(i), as shown by the representation provided by the word-processing program that was used to create the document, is 3,259 words. This document complies with the typeface requirements of Rule 9.4(e), as it is printed in a conventional 14-point typeface with footnotes in 12-point typeface.

/S/ *Josh Schaffer*
Josh Schaffer

# **APPENDIX**

Opinion of the Eleventh Court of Appeals



In The

# Eleventh Court of Appeals

_____

## Nos. 11-13-00203-CR & 11-13-00204-CR

_____

## ANTHONY AUSTIN METTS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause Nos. CR29169 & CR29170**

## M E M O R A N D U M   O P I N I O N

Judge Robin Malone Darr found that Anthony Austin Metts had violated the terms of his community supervision for two deferred adjudications. In each case, Judge Darr revoked Appellant's community supervision, adjudicated Appellant guilty of sexual assault of a child, and sentenced Appellant to ten years' confinement. We affirm.

## I. *Background Facts and Evidence at Revocation Hearing*

In both cases, Appellant pleaded guilty in 2004 to the second-degree felony of sexual assault of a child. The trial court deferred the adjudication of guilt and placed Appellant on community supervision for a period of ten years in each case.

As part of those proceedings, Judge Darr, who was an assistant district attorney at the time, represented the State at a hearing in which Appellant announced his acceptance of the State's offer of a plea bargain and waived his right to a trial by jury. The extent of Judge Darr's involvement at the hearing consisted of a single sentence, "Let me give you a waiver to sign." The entire hearing lasted approximately three minutes. In addition to this involvement, Judge Darr's signature appears on the "WAIVER OF TRIAL BY JURY" form in both causes, and her initials appear on the criminal docket sheet for a "plea agreement — jury waiver" hearing in cause no. CR29169. In addition, Elizabeth Byer and Laura Nodolf represented the State in all other proceedings in both cases.

The Midland County District Attorney moved to revoke Appellant's community supervision in 2013. At the revocation hearing, Appellant answered "true" to two allegations and testified concerning several others.

## II. *Issues Presented*

In each appeal, Appellant asserts the same two issues. First, Appellant argues that Judge Darr's involvement in Appellant's original proceedings disqualified her from presiding over the revocation hearing, making the judgments void. Second, Appellant contends that the trial court violated his right to due process when it assessed punishment "based in part on alleged probation violations that either it found to be not true or the State did not prove by a preponderance of the evidence."

## III. *Analysis*

### A. Issue One: Disqualification

A judge is disqualified by statute from presiding over any case "where [she] has been of counsel for the State." TEX. CODE CRIM. PROC. ANN. art. 30.01 (West 2006). Similarly, a judge is disqualified under the Texas Constitution if she has "been counsel in the case." TEX. CONST. art. V, § 11. This ensures "that criminal justice [is] administered free from bias or the appearance of bias." *Whitehead v. State*, 273 S.W.3d 285, 288 (Tex. Crim. App. 2008).

The constitutional and statutory grounds for disqualification of a judge are mandatory and exclusive. TEX. CONST. art. V, § 11; CRIM. PROC. art. 30.01; *Gamez v. State*, 737 S.W.2d 315, 318 (Tex. Crim. App. 1987). We have found no authority, and none is cited by the State, that precludes these issues from being raised for the first time on appeal.[1] Therefore, we assume, without deciding, that Appellant may raise his objections for the first time on appeal.

Under Article 30.01 and the relevant constitutional provisions, a judge is clearly disqualified if she "actively participated in the preparation of the case against the defendant." *Gamez*, 737 S.W.2d at 319. But the constitutional and statutory prohibition "against a judge hearing a case in which [she] has acted as counsel requires that [she] *actually have participated in the very case* which is before [her]." *Id.* (citing *Holifield v. State*, 538 S.W.2d 123 (Tex. Crim. App. 1976)). The proponent for disqualification must put forth "an affirmative showing" that the judge "actively [took] part in the conviction." *Carter v. State*, 496 S.W.2d 603, 604 (Tex.

---

[1]We note that these issues may not be raised for the first time in a habeas corpus proceeding under Section 11.07 of the Texas Code of Criminal Procedure. CRIM. PROC. art. 11.07 (West 2015); *Ex parte Richardson*, 201 S.W.3d 712, 714 (Tex. Crim. App. 2006); *see also Davis v. State*, 956 S.W.2d 555 (Tex. Crim. App. 1997) (outlined difference between court's jurisdiction and a judicial disqualification challenged under constitutional or statutory grounds).

Crim. App. 1973) ("an affirmative showing"); *Murphy v. State*, 424 S.W.2d 231, 233 (Tex. Crim. App. 1968) ("actively [took] part in the conviction").

The Court of Criminal Appeals has held that active participation includes signing several forms, reviewing and investigating a case file and making a recommendation for punishment, or helping prepare a case for trial. *Ex parte Miller*, 696 S.W.2d 908, 910 (Tex. Crim. App. 1985) (holding that signing an application for jury waiver, a plea-bargain agreement, an agreed motion to modify probation, and a first motion to adjudicate guilt, *together* constituted active participation), *overruled on other grounds by Ex parte Richardson*, 201 S.W.3d at 712–13 (holding that, at habeas proceeding, collateral attack of disqualification requires preservation at trial level); *Lee v. State*, 555 S.W.2d 121, 125 (Tex. Crim. App. 1977) (review and recommend punishment); *Prince v. State*, 252 S.W.2d 945, 946–47 (Tex. Crim. App. 1952) (help prepare case).

Conversely, the Court of Criminal Appeals has held that a perfunctory act, a typed name on a docket sheet alone, and a lack of evidence that the judge "actually investigated, advised or participated in [the] case in any way" are not enough to show active participation. *Gamez*, 737 S.W.2d at 319–20 (holding that rubber-stamping a signature is a perfunctory act that does not fall within the meaning of "'counsel in the case' as contemplated by either the constitutional or statutory provision"); *Carter*, 496 S.W.2d at 603–04 (docket sheet); *Rodriguez v. State*, 489 S.W.2d 121, 123 (Tex. Crim. App. 1972) (failure to investigate, advise, or participate).

Nothing in the record affirmatively shows that Judge Darr reviewed or investigated Appellant's case or gave any recommendation as to his punishment, as was shown in *Lee*. *See Lee*, 555 S.W.2d at 125. In addition, nothing in the record proved that Judge Darr helped prepare the case for trial in any way, which distinguishes this case factually from *Prince*. *See Prince*, 252 S.W.2d at 946–47. Furthermore, Judge Darr's actions amounted to even less involvement than the

4

judge's actions in *Miller*; the judge in *Miller*, while he served as an assistant district attorney, signed several forms in addition to a jury waiver form. *See Miller*, 696 S.W.2d at 910. Instead, Appellant's case is more similar to *Gamez*, where the judge simply stamped his name, as an assistant district attorney, to help a fellow assistant district attorney with documentation in the case. *See Gamez*, 737 S.W.2d at 319–20. The judge in *Gamez* testified that the form, which was stamped with his signature, was printed and filled out but that the handwriting on the form was not his handwriting. *Id.* at 318. Similarly, the form in Appellant's case is printed, and Appellant's name and the case number are handwritten on the form. However, we have no evidence of whose handwriting appeared on the form. Additionally, Byer or Nodolf represented the State at all other hearings and signed all other forms.

Although Judge Darr's initials appear on the docket sheet and she represented the State at a hearing, the record shows that she simply handed a form to Appellant and signed that form on behalf of the State. These actions are perfunctory because, oftentimes, attorneys in a district attorney's office will have to fill in for each other in cases without having investigated the case personally, especially in counties with larger case dockets, multiple courts, and multiple assistant district attorneys. *See id.* Although Judge Darr appeared in court for three minutes, handed Appellant a form, and signed that form, she did not actively participate in his conviction. *See Miller*, 696 S.W.2d at 910. Appellant has not affirmatively shown in the record that Judge Darr actively took part in his conviction. *See Carter*, 496 S.W.2d at 604; *Murphy*, 424 S.W.2d at 233. Judge Darr's actions did not make her "counsel in the case" as contemplated by the Texas Constitution or the Texas Code of Criminal Procedure. *See Gamez*, 737 S.W.2d at 319–20. Judge Darr's actions did not disqualify her from presiding over Appellant's revocation hearing, and the judgments are not void. We overrule Appellant's first issue in each appeal.

5

*B. Issue Two: Due Process Violation*

Appellant argues that the trial court violated his rights to due process when it assessed punishment based on certain probation violations. Appellant specifically "does not challenge the sufficiency of the evidence to adjudicate his guilt" and concedes that the evidence is sufficient. Rather, Appellant challenges the punishment itself.

"After an adjudication of guilt, all proceedings, including assessment of punishment, . . . continue as if the adjudication of guilt had not been deferred." CRIM. PROC. art. 42.12, § 5(b) (West Supp. 2014). A trial court may assess the full range of punishment for the underlying charge upon an adjudication of guilt after revoking community supervision. *See Buerger v. State*, 60 S.W.3d 358, 365–66 (Tex. App.— Houston [14th Dist.] 2001, pet. ref'd) (citing *Cabezas v. State*, 848 S.W.2d 693, 695 (Tex. Crim. App. 1993)). Sexual assault of a child is a second-degree felony punishable by imprisonment for a term of not less than two years or more than twenty years. TEX. PENAL CODE ANN. §§ 12.33(a), 22.011(f) (West 2011).

We review the assessment of punishment by a trial court under an abuse of discretion standard. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Generally, if a sentence falls within the proper range of punishment, we will not disturb that ruling on appeal. *Id.* We will not reverse based upon an abuse of discretion in the absence of harm. *Id.* Appellant erroneously assumes that the trial court based its sentences on the violations of the terms of his community supervision. In actuality, the trial court based its sentences on Appellant's original charge— sexual assault of a child. *See Buerger*, 60 S.W.3d at 365–66. The trial court stated that it adjudicated Appellant "guilty of sexual assault in both of these cases." The trial court did not abuse its discretion when it sentenced Appellant to imprisonment for ten years, a term within the range set forth by the legislature for sexual assault of

6

a child.  *See* PENAL § 12.33(a); *Jackson*, 680 S.W.2d at 814.  We overrule Appellant's second issue in each appeal.

IV.  *This Court's Ruling*

We affirm the judgments of the trial court.


MIKE WILLSON

JUSTICE


July 16, 2015

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

Print this page

# Case # PD-1054&1055-15

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 09/16/2015 04:55:15 PM |
| Case Number | PD-1054&1055-15 |
| Case Description | |
| Assigned to Judge | |
| Attorney | Josh Schaffer |
| Firm Name | Josh Schaffer, PLLC |
| Filed By | Josh Schaffer |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | Josh Schaffer, PLLC Mastercard |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 11401247 |
| Order # | 006961352-0 |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Petition for Discretionary Review |
| Filing Description | |
| Reference Number | |
| Comments | |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| Other | 09/22/2015 11:12:08 | The petition for discretionary review does not contain the identity of Judge, Parties and Counsel [Rule 68.4(a)]. You have ten days to tender a corrected petition for |

AM              discretionary review.

## Documents

| *Lead Document* | Metts PDR (FINAL).pdf | [Original] |
| --- | --- | --- |

## eService Details

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
| --- | --- | --- | --- | --- | --- |
| Carolyn Day Thurmond<br>carolyn_thurmond@co.midland.tx.us | | EServe | Sent | Yes | Not Opened |